# Richmond

## ALLEN RANDOLPH McDANIEL, AN INFANT, ETC. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

January 18, 1965.

Record No. 5814.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Douglas K. Frith* and *Jackson L. Kiser* (*R. Reid Young, Jr.; Young, Kiser & Frith*, on brief), for the plaintiff in error.

*Coleman B. Yeatts*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The question presented on this appeal is whether the appellant, Allen Randolph McDaniel, may collect from the appellee, State Farm Mutual Automobile Insurance Company, under the provisions of the uninsured motorist law, Code § 38.1-381,* the amount of a judgment obtained by McDaniel against Obie Henry Spencer as damages for personal injuries.

On September 28, 1960, McDaniel, hereinafter referred to as plaintiff, while riding as a passenger on a bicycle, was injured in a collision with an automobile operated by Spencer. By his father and next friend he filed a motion for judgment against Spencer on May 5, 1961. At the time of the accident Spencer was a named insured in a liability insurance policy issued by Nationwide Mutual Insurance Company. That company filed an answer and grounds of defense for the defendant and the case was set for trial on September 28, 1961. However, on September 26, 1961, Nationwide wrote plaintiff that it would defend under a reservation of rights agreement because of the failure of Spencer to cooperate. Trial of the case was twice continued, lastly to October 26, 1961, to give Nationwide an opportunity to find Spencer.

At the time of the accident plaintiff was insured under a policy issued to his parents by State Farm, by which it agreed to pay plaintiff the amount that he should be entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within stated limits. Code § 38.1-381 (b).

On September 28, 1961, plaintiff's counsel wrote to the registered agent of State Farm, enclosing a copy of Nationwide's letter of September 26 and stating that by reason thereof Spencer became an uninsured motorist under § 38.1-381 (c) (ii), and that a copy of plaintiff's motion for judgment was being forwarded for service on State Farm. A copy of the motion for judgment was accordingly served on State Farm on October 5, 1961.

On October 12, 1961, counsel for Nationwide wrote plaintiff's counsel that plaintiff's suit against Spencer would be defended by

---

* 1964 Cum. Supp., and see Note 1, *State Farm Mutual* v. *Duncan*, 203 Va. 440, 441, 125 S.E.2d 154, 155.

Nationwide "under a full reservation of rights" and that Nationwide would not pay any judgment rendered in the case because Spencer had failed to cooperate with it under his insurance policy. A copy of this letter was mailed to State Farm's assistant claim superintendent on October 14, 1961.

On October 14, 1961, State Farm filed a demurrer stating that plaintiff's motion for judgment was not sufficient in law because no allegation in it "alleges any of the requirements as set forth in Section 38.1-381 of the Virginia Code." This demurrer was treated by the court as a motion to quash process and sustained "for the reasons that the defendant, Obie Henry Spencer, was not an uninsured motorist as contemplated by Section 38.1-381; that the motion for judgment contained no statement that the plaintiff intended to rely on the Uninsured Motorist Act—no allegation that the defendant was an uninsured motorist—no allegation or information as to why process was being served on State Farm—no information or allegation on which State Farm could prepare an adequate response or defense." The quotations are from the court's opinion; the motion for judgment, the demurrer and the order dealing with it are not in the record.

The action of *McDaniel* v. *Spencer* was tried before a jury on October 26, 1961, defended by Nationwide's counsel, and a verdict and judgment were rendered against Spencer in the sum of $5,000. Execution thereon was returned unsatisfied.

Thereafter, on January 27, 1962, the plaintiff filed the present motion for judgment against Nationwide and State Farm to recover from them the amount of his judgment against Spencer. Both defendants filed answers denying liability. The answer of State Farm asserted that since its motion to quash was sustained, it was not thereafter before the court or required to defend plaintiff's suit against Spencer, who was not an uninsured motorist. The answer of Nationwide asserted that its insurance policy issued to Spencer contained a provision and condition requiring his full cooperation in connection with any lawsuit for which coverage was claimed under the policy; that after the accident Spencer moved away without notifying Nationwide where he could be found, and that diligent efforts to locate him before the trial had been unavailing; that the failure of Spencer to cooperate in any way violated an essential provision and condition of his policy and rendered void its coverage, and that hence no liability for the judgment against Spencer rested on Nationwide.

No evidence was taken and on April 13, 1962, State Farm filed a motion for summary judgment (Rules of Court, 3:20) on the grounds that plaintiff's motion for judgment contained admissions that the Spencer car was an insured motor vehicle; that it did not allege that Nationwide denied coverage to Spencer as contemplated in § 38.1-381 (c) (ii), and that State Farm was never a proper party to the action of *McDaniel* v. *Spencer* since its motion to quash process [demurrer] was sustained.

Plaintiff filed a motion to reject State Farm's motion and afterwards filed his own motion for summary judgment against State Farm (but not against Nationwide) on the grounds that Nationwide had denied liability under its policy because Spencer had failed to cooperate; that thereupon plaintiff had caused to be served on State Farm a copy of plaintiff's motion for judgment against Spencer as though State Farm were a party defendant, pursuant to said §38.1-381 of the Code. Therefore, plaintiff alleged, since neither the amount of the damages nor any other material fact was genuinely in dispute, he was entitled to summary judgment against State Farm for the amount of his judgment against Spencer with interest and costs.

State Farm filed an answer to plaintiff's motion for judgment and thereafter the court entered the order now appealed from in which it stated "that the parties to this cause are at issue and that from the pleadings, exhibits and admissions, no material fact being genuinely in dispute, the Court after mature consideration and for reasons set forth in a written memorandum of opinion filed in the papers in this cause, doth sustain the motion of State Farm Mutual Automobile Insurance Company for a summary judgment and doth overrule the motion of the Plaintiff for a summary judgment."

The court accordingly entered final judgment in favor of State Farm with costs against the plaintiff. Plaintiff's assignments of error are to this ruling.

State Farm in its brief states the issues to be: (1) whether the quashing of process against it [service of motion for judgment against Spencer] rendered the service void; and if not, (2) whether Spencer was an uninsured motorist; and if so, (3) whether plaintiff complied with § 38.1-381 "in his treatement of State Farm Mutual Automobile Insurance Company as the uninsured motorist liability insurance carrier."

The relevant provisions of § 38.1-381 are paragraphs (b), (c), (e) (1) and (g).

State Farm, by the terms of its insurance policy, as well as by

virtue of paragraph (b) of § 38.1-381, agreed to pay the insured [plaintiff] "all sums which he shall be legally entitled to recover as damages from the owner or operator [Spencer] of an uninsured motor vehicle, within limits * *." The quoted language is from paragraph (b).

Paragraph (c) of said § 38.1-381 provides, *inter alia*, that the term "uninsured motor vehicle" means a motor vehicle as to which there is no bodily injury and property damage liability insurance in required amounts, or "there is such insurance but the insurance company writing the same denies coverage thereunder."

Paragraph (e) (1) of said section provides that any insured [plaintiff] intending to rely on the coverage required by paragraph (b) shall, if action is instituted against the owner or operator [Spencer] of an uninsured motor vehicle "serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name."

Paragraph (g) of said section provides that in respect to the policy provision of paragraph (b), nothing shall be required of the insured [plaintiff] "except the establishment of legal liability."

■ Responding to the issues in the order stated by the appellee, we hold, first, that the quashing of the service of a copy of the motion for judgment on State Farm in response to its demurrer did not render that service void so far as the rights and duties of the plaintiff are concerned. That service was to meet the requirement of paragraph (e)(1) of the statute. In *Creteau* v. *Phoenix Assurance Co.*, 202 Va. 641, 119 S.E.2d 336, we held that such service was mandatory and a condition precedent to the benefits of the statute unless waived by the insurance company. The service of the motion for judgment did not require any action by State Farm; it only gave State Farm a right "to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name," § 38.1-381 (e)(1); *State Farm Mutual* v. *Duncan, supra*, 203 Va. at 445, 125 S.E.2d at 158.

The quashing of the process only put State Farm in a position which it had the right to take without any court action. If it did not wish to take part in the action of plaintiff, its insured, against Spencer, it had that right. Its rights and obligations under its insurance contract with the plaintiff were not in issue and could not

be determined in that action. As we said in *John Doe* v. *Brown*, 203 Va. 508, 515, 125 S.E.2d 159, 164:

"* * This is not an action arising *ex contractu* to recover against the insurance company on its endorsement. The insurance company is not a named party defendant and judgment cannot be entered against it in this action. This is an action *ex delicto*, since the cause of action arises out of a tort, and the only issues presented are the establishment of legal liability on the unknown uninsured motorist, John Doe, and the fixing of damages, if any. * *."

Next, was Spencer, the defendant in plaintiff's tort action, an uninsured motorist?

An uninsured motorist would be one who was operating an uninsured motor vehicle. At noted above, paragraph (c) of § 38.1-381 defines an uninsured motor vehicle as being one on which there is liability insurance, but the insurance company "denies coverage thereunder." It is entirely clear that Nationwide, the insurance company which issued the liability policy on Spencer, denied coverage thereunder for the reason that Spencer violated the terms of the insurance contract by failing to cooperate in the plaintiff's action against him. The court below was of opinion that denial of coverage must have existed at the time the tort action was brought, saying in its opinion:

"The procedure allowing the insurer to appear and defend is predicated upon the defendant being uninsured at the outset of the suit. The burden should be on the insured to show, or at least allege, in the tort action that the defendant was in fact uninsured. Otherwise, the insurer has no right to defend, and thus should not be bound by any judgment in the action. * *."

We do not agree. The statute does not so require in terms, or, as we believe, by necessary implication. The uninsured motorist legislation is remedial in nature, enacted for the benefit of injured persons and is to be liberally construed so that the purpose intended may be accomplished. *Storm* v. *Nationwide Ins. Co.*, 199 Va. 130, 135, 97 S.E.2d 759, 762; *State Farm Mutual* v. *Brower*, 204 Va. 887, 892, 134 S.E.2d 277, 281.

Moreover, it would place a difficult, if not impossible, burden on the plaintiff to require him to ascertain in advance of bringing his suit that the insurance company which had issued a liability policy to the defendant had denied coverage thereunder. The right of such company to deny coverage on the ground of failure to cooperate frequently would not arise until after the suit had been brought. In the present case there was no lack of knowledge on the part of State

Farm as to the reason for serving it with a copy of the motion for judgment against Spencer.

The third issue stated by State Farm is whether plaintiff complied with § 38.1-381 "in his treatment of State Farm Mutual Automobile Insurance Company as the uninsured motorist liability insurance carrier."

We have discussed plaintiff's duty to serve a copy of the motion for judgment in the tort action on State Farm, and we presume the issue quoted is meant to refer to the contention that the plaintiff must set forth in his motion for judgment the grounds for serving it on his own insurance carrier. Again, the statute contains no such requirement and we have indicated next above the impracticability of adding such requirement.

In *John Doe* v. *Brown, supra,* an unknown uninsured motorist case, it appears that the motion for judgment alleged that the automobile in which the plaintiff was riding was insured by a named company in a policy which covered the damages suffered by the plaintiff, and it was there contended that this made the action one in contract as well as in tort. We disagreed and stated that the allegation merely notifies the insurer that the action is instituted under the provisions of the uninsured motorist law and furnishes the clerk with the name of the insurance company in order that process might be directed to it; but we added that trial courts should not permit the motion for judgment to be seen by the jury or carried to their room where it might learn that the defendant was covered by insurance. Even in that case the plaintiff in the action could as well have furnished to the clerk the name of the insurance company to be served without stating it in the motion for judgment. Section 8-96 of the Code forbids the joinder of an insurance company "on account of the issuance to any party to a cause of any policy or contract of liability insurance."

For the reasons stated we reverse the judgment appealed from, deny the motion of State Farm for summary judgment, grant the motion of the plaintiff for summary judgment against State Farm and here enter final judgment for the plaintiff against State Farm Mutual Automobile Insurance Company in the sum of $5,000 with interest from October 26, 1961, the date of the plaintiff's judgment against Spencer, and costs of that action and this.

*Reversed and final judgment.*