## 58980. SMITH v. COMMERCIAL UNION ASSURANCE COMPANY.

DEEN, Chief Judge.

This case represents an appeal by the insured Smith from the grant of a motion to dismiss the defendant Commercial Union, his automobile insurer who was named a defendant in a suit for damages. Smith's bodily injury claim resulted from a collision between his automobile and that of one Samuel Lee Brown. Brown, a named defendant, could not be found for service, whereupon Smith had the appellee, his own uninsured motorist insurer, served with process. Commercial Union filed both an answer and a motion to dismiss it as a defendant. The motion was granted and Smith appeals.

It appeared at the hearing of the motion that Brown at the time of the collision had extant a liability policy with Southeastern Fidelity Insurance Company, acknowledged by the latter, that it was notified of the collision by its insured and has not denied liability or coverage, and in fact paid Brown $2,300 under the collision coverage of that policy and also paid Commercial Union the amount advanced by that insurer to Smith under the no-fault provisions of her policy. Both insurers offered evidence showing that they had attempted to locate Brown without success. (It should be noted that the payment to Brown was made in 1976 and the complaint was filed in 1978.) Was Brown under these circumstances an uninsured motorist? Under Code § 56-407.1 (b) for purposes of uninsured motorist coverage a vehicle is

uninsured where it has no insurance coverage (or bond or cash deposit in lieu thereof) or where there is coverage but the carrier has legally denied coverage or is insolvent. The vehicle involved in this collision was scheduled in Brown's insurance policy. It follows that the vehicle was not an uninsured vehicle at the time of the collision (the collision claim was in fact paid to the insured by the insurer), the tortfeasor Brown was not an uninsured motorist, the UM provision of the Commercial Union coverage was not applicable, and the dismissal of the complaint against this insurer for failure to state a claim was proper. Code § 81A-112 (b) (6).

The plaintiff contends that since Code § 56-407.1 (e) allows a UM action against the plaintiff's insurer where the uninsured tortfeasor leaves the state or successfully conceals himself, and since subdivision (d) of the same Code section allows a John Doe action against an unknown tortfeasor *whether he is insured or not,* a tortfeasor whose name is known but who conceals his location for purposes of service of suit papers should be considered an uninsured motorist whether or not he is in fact covered. The difference of course is that in this case both the identity and the insured status of the tortfeasor are known, which destroys the basic premise behind UM insurance: the tortfeasor must be in a category known or presumed legally to be uninsured, but if he is known to be insured he cannot in any meaningful sense be presumed not to be insured. In like manner, one who was a resident at the time of the occurrence in which another was injured but who subsequently became a nonresident could not, in the absence of legislation specifically allowing it, be served as a nonresident under the Nonresident Motorists Act. *Webb v. Oliver,* 133 Ga. App. 555, 557 (211 SE2d 605) (1974). And Code § 56-407.1 was amended in 1972 to allow service of process by publication on uninsured motorists who, although residents at the time of the occurrence, became nonresidents or absconders between then and the time of suit. Perhaps legislation could broaden the coverage by including within the definition of uninsured motorists for purposes of service of process those who abscond or conceal themselves whether or not they in fact carry insurance applicable to the event. That is not the case

here.

*The dismissal of the appellee uninsured motorist insurance carrier is affirmed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED JANUARY 9, 1980 —

*Guerry R. Thornton, Jr.,* for appellant.
*Stanley M. Karsman,* for appellee.