## 36040. SMITH v. COMMERCIAL UNION ASSURANCE COMPANY.

NICHOLS, Justice.

This court granted certiorari to review the decision of the Court of Appeals in *Smith v. Commercial Union Assur. Co.*, 153 Ga. App. 38 (264 SE2d 530) (1980). The case involves an interpretation of the uninsured motorist statute (Code Ann. § 56-407.1.)

In 1976, appellant Smith was involved in an automobile accident allegedly caused by Samuel Lee Brown's failure to stop for a traffic signal. The record indicates that Brown recovered $2,300.00 for property damage to his automobile from his insurance carrier, Southeastern Fidelity Insurance Company (Southeastern). Smith recovered for medical expenses and lost wages under his personal injury protection (no-fault) coverage from his insurance carrier, Commercial Union Assurance Company (Commercial Union). Commercial Union was reimbursed for these payments by Southeastern under a subrogation notice. Later, Smith sued Brown to recover both actual damages and $50,000.00 for pain and suffering. Smith had the complaint served on his insurance carrier because after extensive effort he could not locate Brown. Since Commercial Union was aware that Brown carried liability insurance, they forwarded a copy of the complaint to Southeastern. Apparently, Southeastern is prepared to defend Brown in the tort action, and they have not formally denied coverage. However, Brown has not been located to be personally served, nor has he answered after service by publication. Thus, Smith cannot obtain *in personam* jurisdiction over Brown in order to obtain an enforceable judgment against him. "Our statutes pertaining to torts (Code Title 105) contain no provision for service by publication in any action for personal judgment for a tort against any person, resident or nonresident." *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 247 (201 SE2d 150) (1973); *Veal v. General Accident Fire &c. Assurance, Corp.*, 128 Ga. App. 610 (197 SE2d 410) (1973). Cf. *Melton v. Johnson*, 242 Ga. 400 (249 SE2d 82) (1978). See also Gary, Trial Practice and Procedure, 31 Mercer L. Rev. 249 at 259-261. Because an *in personam* judgment cannot be obtained against Brown, Smith cannot recover from Southeastern. Without some specific statutory authorization, an action cannot proceed directly against the liability insurance carrier until a judgment is obtained against the tortfeasor or his liability is otherwise fixed. See, e.g.; *Arnold v. Walton*, 205 Ga. 606 (54 SE2d 424) (1949). In short, Smith was precluded from proceeding with his tort action against either Brown or Southeastern.

Faced with this situation, Smith proceeded with his suit against Commercial Union based upon his uninsured motorist policy and pursuant to our uninsured motorist statute. Subsection (e) of this statute states in pertinent part that "[i]n cases where the owner . . . of any vehicle causing injury or damage be known and . . . be named as (defendant) in any action for such injury or damages, but such person . . . has departed from the State, or cannot after due diligence be found within the State, or conceals himself to avoid the services of summons, and this fact shall appear by affidavit to the satisfaction of the judge of the court, and it shall appear either by affidavit or by a verified complaint on file that a claim exists against the owner . . . in respect to whom service is to be made, and that he is a necessary or proper party to the action, such judge may grant an order that the service be made on the owner . . . by the publication of summons. A copy of any action filed . . . shall be served . . . upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant. . ." Code Ann. § 56-407.1 (e). (Ga. L. 1972, pp. 882—883.)

In its answer, Commercial Union moved to dismiss the suit because it was known that Brown was insured. The trial court granted the motion to dismiss. On appeal the Court of Appeals affirmed, holding that where the tortfeasor absconds and cannot be located but is insured, he cannot legally be presumed to be uninsured, and therefore, the uninsured motorist statute does not apply. This court reverses.

The sole question presented in this case is whether or not the appellant can bring an action under the uninsured motorist statute against his insurance company. The following general principles apply to an interpretation of this statute: The purpose of uninsured motorist legislation is to require some provision for first-party insurance coverage "to facilitate indemnification for injuries to a person who is legally entitled to recover damages from an uninsured motorist, and thereby to protect innocent victims from the negligence of irresponsible drivers." 7 AmJur2d 934, 935, Automobile Insurance, § 293. Uninsured motorist statutes are remedial in nature and must be broadly construed to accomplish the legislative purpose. Id. See *Wages v. State Farm Mutual Auto. Ins. Co.*, 132 Ga. App. 79 (208 SE2d 1) (1974); see also McDaniel v. State Farm Mutual Auto. Ins. Co., 205 Va. 815 (139 SE2d 806) (1965).

Our statute defines an uninsured motor vehicle as one for which there is no liability insurance policy extant, or for which there is a liability insurance policy in effect but for amounts less than that prescribed by the statute. In addition, the uninsured motorist statute applies where there is a liability policy in effect but

the insurance company writing the policy has legally denied coverage, or where the company becomes insolvent and is unable to pay under the policy terms. The law also presumes a motor vehicle to be uninsured if the owner or operator is unknown, Code. Ann. § 56-407.1 (a). And as indicated previously, where the owner or operator is known, but cannot be located to be personally served, subsection (e) of the statute permits the plaintiff to join his uninsured motorist carrier as a party defendant. Thus, the law is designed to apply in several situations where there is a liability policy in effect, but for some reason no recovery can be obtained against the liability insurance carrier.

This case presents such a situation. Here no recovery can be obtained against the tortfeasor or his insurance carrier. While Southeastern has not formally denied coverage, it is shielded by Brown's actions from any legal liability under the law of this state. Such a situation is equivalent to a legal denial of coverage by Southeastern. See *Hemphill v. Home Ins. Co.,* 121 Ga. App. 323, 335 (174 SE2d 251) (1970). Where an insured tortfeasor behaves in such a way "so as to make his policy unenforceable (by failure to give timely notice of an accident, or the like), the effect on his victim is very much the same as if the tortfeasor had never procured the insurance." Young, Insurance Cases and Materials 709 (1971). See 7 AmJur2d 992, 993, Automobile Insurance, §§ 320-321. Since the appellant cannot legally enforce Brown's policy with Southeastern, the practical result is that Brown is uninsured. In such a case, the injured party should be able to proceed against his own insurance company under his uninsured motorist coverage. See generally *Wentworth v. Fireman's Fund American Ins. Cos.,* 147 Ga. App. 854 (250 SE2d 543) (1978); *Norman v. Daniels,* 142 Ga. App. 456 (236 SE2d 121) (1977).

Based on the above reasoning, and cognizant of the remedial nature of the uninsured motorist legislation, this court holds that the trial court erred in granting appellee's motion to dismiss. Appellant is not precluded from proceeding with his suit against the appellee on the basis of Code Ann. § 56-407.1. This court, it should be noted, has not made any determination of what subrogation rights might exist between the two insurance companies; nor, of course, has the court made a determination regarding any other aspects of appellant's tort action.

*Judgment reversed. All the Justices concur, except Bowles and Marshall, JJ., who dissent.*

ARGUED APRIL 14, 1980 — DECIDED JUNE 9, 1980 — REHEARING DENIED JUNE 24, 1980.

*E. Clayton Scofield, III, Guerry R. Thornton, Jr.,* for appellant.
*Stanley M. Karsman, Lee Lassiter,* for appellee.