James **WEINBERG** and Flora Weinberg,
Plaintiffs-Appellants,

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**
Defendant-Respondent.

No. WD 33476.

Missouri Court of Appeals,
Western District.

July 26, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Sept. 28, 1983.

Application to Transfer Denied
Nov. 22, 1983.

Michael W. Manners, Independence, for plaintiffs-appellants.

Donald C. Bollard, III, Kansas City, for defendant-respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The issue presented here is as follows: may an insured tortfeasor who has not been served with process, and who appears unlikely to ever be served in a lawsuit, be treated as an uninsured motorist operating an uninsured motor vehicle within the meaning of Section 379.203 RSMo.1978, allowing an injured party to recover under the uninsured motorist provision of the policy with his or her insurance company? Section 379.203 requires all policies in this state to have such an uninsured provision. The only exception in the statute of an insured vehicle being treated as uninsured is where, within two years of the accident the company can't pay the legal liability of its insured

because of insolvency. The policy here between the injured plaintiffs and the defendant, their insurance company, State Farm Mutual Automobile Insurance Company, defined an "uninsured motor vehicle" as one that 1) had no insurance at the time of the accident, or 2) had insurance but for less than required by the financial responsibility laws of the state, or 3) the company was insolvent or denied coverage.

Plaintiffs, the Weinbergs, were in their automobile when struck by Diana Zager whose car was insured by Farmers Insurance Group. After negotiations between Farmer's and plaintiffs' attorney broke off plaintiffs filed suit for damages against Mrs. Zagar. She was married, service was made at her home on her husband—service was quashed when determined she no longer lived there. The plaintiffs then refiled against Mrs. Zagar and their own insurance company, defendant, State Farm. No service was had on Mrs. Zagar, she apparently was no longer in the Kansas City, Missouri area, her whereabouts unknown, the last information they had in 1980 was that in January of 1978 she may have been in Reno, Nevada. Farmers has never denied coverage. There being no disagreement as to any material fact, State Farm filed a motion for summary judgment, stating that as a matter of law Mrs. Zagar was not an uninsured motorist, but was an insured motorist. The motion was granted and this appeal ensued.

Plaintiffs' first point says the unavailability of Mrs. Zagar and impossibility for service on her, as a matter of public policy should make her an uninsured motorist inspite of her Farmers Policy. They base their point on *Dairyland Ins. Co. v. Hogan,* 605 S.W.2d 798 (Mo.banc 1980) and *Smith v. Commercial Union Assur. Co.,* 246 Ga. 50, 268 S.E.2d 632 (Ga.1980). The facts in *Dairyland* differ from those here, as the offending vehicle there was insured, the dispute being as to whether the driver had permission of the owner. The insurance carrier of the offending vehicle therefore denied coverage and on that basis our Supreme Court held the injured passenger in

the other vehicle should recover under the uninsured motorist provision.

*Smith, supra,* is distinguishable for one very important reason. Georgia's statutes there held that where the owner or operator of a car is know, but can't be located to be personally served, the plaintiff is permitted to serve his own carrier as a party defendant under the uninsured motorist provision of the contract of insurance between them.

Missouri's statute is clear—the only exception where the offending party has insurance is where that company is insolvent. Such is not the case here. The policy in question here would classify an insured motorist as uninsured if the offending cars company denied coverage. It was stipulated Zagar's automobile had insurance and her company, Farmers, had not denied coverage.

■ Although the uninsured motorist provision of the law is to give coverage to persons insured by such coverage when injured by an uninsured motorist protection parallel to that they would have had, had the accident been caused by a vehicle that had minimum coverage, and given that this law is to be liberally construed to afford this protection, the courts are not at liberty to expand this law by judicial construction. *Brake v. MFA Mutual Insurance Company,* 525 S.W.2d 109, 112 (Mo.App.1975), *cert. denied* 423 U.S. 894, 96 S.Ct. 192, 46 L.Ed.2d 126. In *Brake* the offending vehicle had minimum coverage and the plaintiff in essence asked for a construction that an insufficiently uninsured car (though complying with the minimum amount under the Safety Responsibility Law) be classified as an uninsured vehicle. The Eastern District held at page 112 that "uninsured" under Section 379.203.1 meant just that—no liability insurance, the language was "plain, straight forward and susceptible of only one meaning." In *Harrison v. MFA Mutual Insurance Co.,* 607 S.W.2d 137, 147 (Mo.banc 1980) it was held that Missouri courts have declined to create uninsured motorist coverage where no coverage was applicable. Such is the case here. This court holds that where the offending party is insured but

unavailable for service, the injured party cannot recover under his uninsured coverage with his insurance company. Section 379.203 cannot offer relief to the plaintiffs. Their policy of insurance affords them no help either.

■ It is the duty of a plaintiff to institute suit and initiate service of process on the defendant for the court to acquire personal jurisdiction over the defendant. *Want v. Leve,* 574 S.W.2d 700, 708 (Mo.App. 1978); *Ponder v. Aamco Automatic Transmission Inc.,* 536 S.W.2d 888, 890 (Mo.App. 1976). That service on Mrs. Zagar cannot be had, though unfortunate, cannot afford coverage here to the plaintiffs under their policy.

■ The plaintiff's second point contends the portion of the State Farm policy as delineating a vehicle uninsured when the other motorists' company denies coverage, as being ambiguous is not well taken. Plaintiffs' related argument that "denies coverage" includes instances where the offending party with insurance absconds is also denied—so is their assertion that Mrs. Zagar's insurance company really would have denied coverage for non-cooperation had she been served and then departed prior to litigation.

No material fact being at issue here, State Farm was entitled to summary judgment as a matter of law, Rule 73.01(c). The judgment is affirmed.

All concur.