### 77845. BELL et al. v. BENNETT et al.
(375 SE2d 884)

DEEN, Presiding Judge.

In October 1986 Mr. and Mrs. Bell, appellants here, brought an action against appellee Bennett, alleging that in August 1985 he had negligently struck with his own vehicle the automobile in which they were riding, causing physical injury to both plaintiffs. Attempts to serve Bennett at the address he had given to the investigating officer, his parents' home in Stone Mountain, Georgia, were unsuccessful, his mother stating that he had moved to Manchester, Georgia, and was living at an address unknown to her. Efforts to locate Bennett in either DeKalb County or Manchester continued to meet with failure, and on plaintiffs' motion the DeKalb County State Court on August 11, 1987, ordered the appointment of a private investigator, previously hired by plaintiffs, as special process server. On August 12 process was served by leaving the summons and complaint with Bennett's mother at the Stone Mountain address. Plaintiffs' uninsured motorist carrier, appellee Allstate Insurance Company, was served August 13, 1987.

Defensive pleadings were timely filed for both defendants, Ben-

nett raising, *inter alia,* the defense of insufficient service and the running of the statute of limitation, and filing a motion to dismiss on the cited grounds. On December 1, 1987, the court entered an order authorizing service by publication, and the advertisement appeared for the requisite four weeks. On December 11 the court granted Bennett's motion to dismiss on the ground of insufficient service, the order (drawn by Bennett's counsel) citing lack of due diligence on plaintiffs' part. On February 26, 1988, appellee Allstate moved for summary judgment, alleging that since appellee Bennett did have liability insurance coverage with another carrier, General Insurance Company, at the time of the collision, Allstate's uninsured motorist coverage did not apply. Oral argument was scheduled for May 3, 1988, but on May 2 counsel received a telephone call from the trial court stating that, for unspecified reasons, oral argument would not be held; whereupon, on that same day, appellants' counsel filed a response to Allstate's motion. On July 8, 1988, summary judgment was granted, the trial court's order stating that the Bells' brief was not considered because it was untimely filed.

The Bells appeal, enumerating as error (1) the trial court's finding that plaintiffs/appellants had failed to exercise due diligence in perfecting service and (2) the trial court's failure to permit oral argument and also her failure to consider the holding of *Smith v. Commercial Union Assur. Co.,* 246 Ga. 50 (268 SE2d 632) (1980), which would provide that the Bells' uninsured motorist coverage did apply in the circumstances of the instant case. *Held:*

1. Appellants allege that they were given no opportunity to examine the order drafted by Bennett's counsel prior to the court's ruling on the motion for dismissal for lack of service. They further allege that they had requested that the dismissal be without prejudice and that there be no indication of lack of due diligence. The court struck the words "with prejudice" but let stand the phrase indicating lack of due diligence. The record shows that the court ordered that service by publication be approved and, further, that in ordering appointment of a special process server, the trial court acknowledged expressly that Bennett was avoiding service. The trial court erred in signing the order as drafted.

2. *Smith,* supra, is a case closely similar on its facts to the case at bar. The defendant, like Bennett here, could not be located for personal service in an action stemming from an automobile collision; defendant's automobile insurer did not deny coverage. "Because an *in personam* judgment [could] not be obtained against [the elusive defendant], [the plaintiff] cannot recover from [the defendant's insurer]. Without some specific statutory authorization, an action cannot proceed directly against the liability insurance carrier until a judgment is obtained against the tortfeasor or his liability is otherwise fixed. See,

e.g., *Arnold v. Walton*, 205 Ga. 606 (54 SE2d 424) (1949). In short, [plaintiff] was precluded from proceeding with his tort action against either [the defendant in the tort action] or [the defendant's insurer]." Id. at 50. The trial court granted the insurer's motion to dismiss.

In reviewing *Smith*, supra, the Supreme Court cited OCGA § 33-7-11 (e) [then Code Ann. § 56-407.1 (e)] in pertinent part: "In cases where the owner or operator of any vehicle causing injury or damage is known and . . . [is] named as defendant . . . but the person . . . cannot after due diligence be found within the state, or conceals himself to avoid the services of summons, and this fact shall appear by affidavit to the satisfaction of the judge of the court, and it shall appear either by affidavit or by a verified complaint on file that a claim exists against the owner or driver in respect to whom service is to be made and that he is a necessary or proper party to the action, the judge may grant an order that the service be made . . . by the publication of summons. A copy of any action filed and all pleadings thereto shall be served . . . upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant." The court emphasized the remedial nature of uninsured motorist legislation and held, at 52, that the trial court erred in granting the insurer's motion to dismiss: "Appellant [plaintiff] is not precluded from proceeding with his suit against [his own insurer] on the basis of [OCGA § 33-7-11 (e)]." Under this authority, appellant is clearly correct in his contention that in the fact situation of the instant case he may properly proceed against Allstate, and the trial court erred by failing to consider *Smith* before making its ruling.

3. In view of our holding in Division 2, the issue of the denial of oral argument is moot.

*Judgment reversed. Sognier, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

The trial court erred in granting summary judgment in favor of Allstate because the rationale of *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50 (268 SE2d 632) (1980) is clearly applicable, controlling and dispositive on the issue before the Court.

DECIDED NOVEMBER 22, 1988 —
REHEARING DENIED DECEMBER 1, 1988.

*Morse & Ontal, Jack O. Morse*, for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Robert C. Semler, Chambers, Mabry, McClelland & Brooks, V. Jane Reed, Lawrence J.*

*Hogan,* for appellees.