Elly CLAIRE, f/k/a Suzanne Nagarajan, Plaintiff–Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellee.

No. 97CA0605.

Colorado Court of Appeals, Div. I.

May 28, 1998.

Rehearing Denied June 25, 1998.

Certiorari Denied March 29, 1999.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, for Plaintiff–Appellant.

Rodman & Ross–Shannon, John R. Rodman, David L. Murphy, Denver, for Defendant–Appellee.

Opinion by Judge METZGER.

In this declaratory judgment action, plaintiff, Elly Claire, appeals the summary judgment entered in favor of defendant, State Farm Mutual Automobile Insurance Company, determining that she was not entitled to uninsured motorist benefits. We affirm.

The facts of this case are undisputed. On February 12, 1991, plaintiff was injured when her automobile was rear-ended by a vehicle driven by Mark Mahna. The parties exchanged information at the scene and plaintiff filed, with the local police department, a counter report containing Mahna's name, physical description, address, telephone number, driver's license number, date of birth, and age, together with information concerning the vehicle he was driving and its insurance coverage.

Mahna's vehicle was insured by USAA, and, since he was driving with the permission of the insured, USAA raised no issue as to coverage.

In the fall of 1991, plaintiff retained counsel to represent her regarding her personal injury claim. In December 1992, Mahna gave a recorded telephone statement concerning the accident to one of USAA's claims adjusters.

From 1991 to 1993, plaintiff's counsel and the attorney USAA had retained to represent Mahna conducted negotiations to resolve plaintiff's claim, including participation in a settlement conference paid for by USAA. When these negotiations proved to be unsuccessful, plaintiff commenced a personal injury action against Mahna in September 1993.

Beginning in October 1993, plaintiff attempted to locate Mahna to effect service of process on him. Over the next two-and-one-half years, plaintiff employed the services of five private investigators, none of whom was able to locate Mahna.

Plaintiff then requested uninsured motorist benefits from State Farm, her automobile insurance carrier. Because it did not agree that Mahna was uninsured, State Farm denied coverage and refused to arbitrate any damages issues.

Accordingly, plaintiff filed this declaratory judgment action, seeking both a determination that she was entitled to the benefits of her uninsured motorist coverage and re-

questing that the court order State Farm to arbitrate her uninsured motorist claim pursuant to her policy.

The parties agreed that no genuine issues of material fact existed and filed cross-motions for summary judgment on the issues of law. Concluding that Mahna was not an uninsured motorist under either the terms of State Farm's policy or § 10–4–609, C.R.S. 1997, the trial court entered summary judgment in favor of State Farm.

I.

Plaintiff contends the trial court erred in determining that Mahna was not an "uninsured motorist." We perceive no error.

An appellate court's review of a summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995). Summary judgment is appropriate if the admitted facts demonstrate that a party cannot prevail. C.R.C.P. 56(b); *Kuehn v. Kuehn,* 642 P.2d 524 (Colo.App.1981).

Section 10–4–609(1)(a), C.R.S.1997, provides in pertinent part:

No automobile liability or motor vehicle liability policy . . . shall be delivered

. . . with respect to any motor vehicle licensed for highway use in this state unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners and operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; except that the named insured may reject such coverage in writing.

This statute does not define "uninsured motor vehicle" or "uninsured motorist." However, in *State Farm Mutual Automobile Insurance Co. v. Nissen,* 835 P.2d 537 (Colo. App.1992), *aff'd,* 851 P.2d 165 (Colo.1993), a division of this court determined that an "uninsured automobile" is one that has no applicable insurance under the facts and circumstances in which the claim was made.

■ A person seeking uninsured motorist benefits bears the burden of proving that the accident involved an uninsured motorist. *Barba v. State Farm Mutual Automobile Insurance Co.,* 759 P.2d 750 (Colo.App.1988).

Here, it is undisputed that the vehicle driven by Mahna was insured by USAA. It is also undisputed that, because he was using the vehicle with the owner's permission, such coverage extended to Mahna's operation of the vehicle at the time of the accident. Indeed, it is clear that USAA acknowledged its obligation to insure Mahna for this accident and had retained counsel for his benefit. Thus, there is no question that Mahna and the vehicle were insured and coverage is available.

■ Plaintiff relies on numerous cases to support her policy argument that, if liability insurance is unavailable from a tortfeasor's carrier, then the tortfeasor should be deemed to be uninsured. *See Morgan v. Farmers Insurance Exchange,* 182 Colo. 201, 511 P.2d 902 (1973)(if liability insurer becomes insolvent, motorist deemed to be uninsured); *White v. Farmers Insurance Exchange,* 946 P.2d 598 (Colo.App.1997)(when an uninsured driver allegedly prevents the insured from obtaining information concerning his or her identification, uninsured motorist benefits are available); *State Farm Mutual Automobile Insurance Co. v. Nissen, supra* (denial of coverage by tortfeasor's liability insurer makes uninsured motorist coverage available); *Farmers Insurance Exchange v. McDermott,* 34 Colo.App. 305, 527 P.2d 918 (1974)(uninsured motorist coverage available for hit and run accident where no physical impact occurred and driver's identity unknown).

In our view, these cases are distinguishable. Unlike the situation here, those cases involved instances in which either the tortfeasor was unknown or the insurer could not or would not provide liability coverage.

Here, in contrast, it is undisputed that Mahna's identity, physical description, social security number, driver's license number, and past addresses are known. Additionally, the names, addresses, and telephone numbers of several of Mahna's relatives are known. USAA has not denied liability coverage. Plaintiff's difficulty in effecting service

of process on Mahna is not equivalent to not knowing his identity. Therefore, Mahna is not uninsured. *See* 9 *Couch on Insurance* § 124:19 (L. Russ & T. Segella, 3d ed. 1997)("A motorist is not unknown for purposes of the rule where only his or her whereabouts are unknown. Problems in the service of process against a known uninsured motorist are not an excuse for failure to comply with such a requirement.").

Plaintiff urges this court to follow the decision in *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50, 268 S.E.2d 632 (1980). There, the Georgia supreme court held that, where an identified and insured tortfeasor had fled the jurisdiction and could not be served with a complaint and summons, uninsured motorist coverage was available to the injured party. However, that decision is based on a Georgia statute which specifically authorizes a plaintiff to join the uninsured motorist carrier as a party-defendant if a known tortfeasor cannot be located for personal service. Colorado has no such statutory provision; thus, that decision is inapposite.

Instead, we adopt the reasoning in *Weinberg v. State Farm Mutual Automobile Insurance Co.*, 659 S.W.2d 236 (Mo.App.1983), in which the plaintiff unsuccessfully attempted to serve process on a known tortfeasor. As here, the tortfeasor had moved out of the local area and her whereabouts were unknown. Employing the same public policy arguments advanced here, plaintiff had argued that the tortfeasor's unavailability for service of process should render the tortfeasor "uninsured." The court rejected this argument, stating:

> Although the uninsured motorist provision of the law is to give coverage to persons insured by such coverage when injured by an uninsured motorist protection parallel to that they would have had, had the accident been caused by a vehicle that had minimum coverage, and given that this law is to be liberally construed to afford this protection, the courts are not at liberty to expand this law by judicial construction.

*Weinberg v. State Farm Mutual Auto. Insurance Co., supra*, 659 S.W.2d at 238.

Because we conclude, as did the court in *Weinberg, supra*, that the tortfeasor in this case was not uninsured, we will not disturb the trial court's entry of summary judgment in favor of State Farm.

II.

Plaintiff also contends that the definition in State Farm's policy of "uninsured motorist" conflicts with the requirements of § 10–4–609, C.R.S.1997. Therefore, she argues, that provision of the policy is void and unenforceable. We disagree.

Section 10–4–609 is incorporated into every contract of automobile insurance issued in Colorado; thus, policy terms that conflict with the requirements of the statute are void. *See Barnett v. American Family Mutual Insurance Co.*, 843 P.2d 1302 (Colo. 1993). Any policy provision which attempts to dilute, condition, or limit statutorily mandated coverage may be declared void and unenforceable. *Briggs v. American Family Mutual Insurance Co.*, 833 P.2d 859 (Colo. App.1992).

State Farm's policy defines "uninsured motor·vehicle" as:

1. a land motor vehicle, the ownership, maintenance or use of which is:

a. not insured or bonded for bodily injury liability at the time of the accident; or

b. insured or bonded for bodily injury liability at the time of the accident; but:

> (1) the limits of liability are less than required by the financial responsibility act of the state where *your car* is mainly garaged; or
>
> (2) the insuring company denies coverage or is or becomes insolvent;

2. a 'hit-and-run' land motor vehicle whose owner or driver remains unknown and which causes *bodily injury* to the *insured;* .... (emphasis in original)

This policy language does not conflict with, dilute, or limit statutorily mandated coverage; instead, it merely enumerates certain instances in which coverage must be provided. *See Leetz v. Amica Mutual Insurance Co.*, 839 P.2d 511 (Colo.App.1992)(purpose of uninsured motorist insurance is to place injured party in same position as if tortfeasor has liability limits in amounts equal to insured's coverage); *Morgan v.*

*Farmers Insurance Exchange, supra* (if liability insurer insolvent, motorist deemed to be uninsured); *Farmers Insurance Exchange v. McDermott, supra* (uninsured motorist coverage available for hit and run accident where no physical impact occurred and driver's identity unknown); *State Farm Mutual Automobile Insurance Co. v. Nissen, supra* (denial of coverage by tortfeasor's liability insurer makes uninsured motorist coverage available).

Because we have concluded both that Mahna does not meet the definition of an "uninsured motorist," and that the vehicle he was driving was not uninsured, *see* § 10–4–609 and *State Farm Mutual Auto Insurance Co. v. Nissen, supra*, it follows that this policy language is not in conflict with § 10–4–609 and thus is not void.

The judgment is affirmed.

Judge JONES and Judge KAPELKE concur.