(24 P.3d 198)

No. 86,037

MARSHA L. LOVELESS, PHILLIP A. LOVELESS, and JACOB LOVELESS, A Minor Child, *Appellants*, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, *Appellee*.

Opinion filed May 25, 2001.

*Kala Spigarelli* and *Fred Spigarelli*, of Spigarelli, McLane and Short, of Pittsburg, for appellants.

*M. Doug Bell*, of Hall Levy DeVore Bell Ott & Kritz, of Coffeyville, for appellee.

Before ELLIOTT, P.J., BRAZIL and PADDOCK, S.J.

ELLIOTT, J.: The Lovelesses sought bodily injury recovery from American Family Mutual Insurance Company (American Family) (their own automobile carrier) under the uninsured motorist provision of their policy and K.S.A. 40-284. The trial court granted American Family summary judgment, the Lovelesses appeal, and we affirm.

Appellants were involved in an automobile accident with Chad Johnson in Oklahoma. At the time of the accident, the Johnson vehicle was insured by Arkansas Farm Bureau and Chad was listed as an additional insured on their policy. Appellants received and rejected a settlement offer from Arkansas Farm Bureau under the Johnson policy.

Later, appellants sued Chad in Oklahoma but their attempts to locate and serve Chad with process were unsuccessful; the Oklahoma suit was dismissed and appellants then sued American

Family in Kansas, alleging that since Chad's whereabouts were unknown, they could recover under their uninsured coverage.

As part of its summary judgment motion, American Family attached a copy of the Arkansas Farm Bureau policy indicating Chad was insured under its policy at the time of the accident.

In granting American Family's motion for summary judgment, the trial court denied coverage under American Family's policy, ruling an insured, but unavailable, tortfeasor is not an uninsured motorist.

K.S.A. 40-284 requires uninsured motorist coverage for injuries suffered in an accident arising out of the ownership or use of a vehicle by an "uninsured owner or operator." The statute does not cover a situation where the uninsured owner or operator owns an automobile liability policy. See *Hilyard v. Estate of Clearwater*, 240 Kan. 362, 369, 729 P.2d 1195 (1986). Following this reasoning, we hold the statute does not mandate coverage under the facts of the present case. Here, the alleged uninsured owner or operator does not own an *insurance policy but is* an additional insured driver under the policy as a family member.

The statute does not define "uninsured owner or operator," and the specific issue raised by appellants is one of first impression in Kansas. Appellants argue that because they were unable to locate and serve Chad, he should be considered "uninsured."

Appellants' reliance on *McDaniel v. State Farm Mutual*, 205 Va. 815, 139 S.E.2d 806 (Va. App. 1965), is misplaced. In *McDaniel,* the tortfeasor's insurance company voided the tortfeasor's policy and denied coverage. Here, the Johnson's policy remained in force, and the adjuster for Johnson's carrier attempted settlement with appellants under the Arkansas Farm Bureau policy.

There is some authority for uninsured motorist coverage where the incident involves a hit-and-run accident and the driver's identity is unknown. See, *e.g., Claire v. State Farm Mut. Auto. Ins. Co.*, 973 P.2d 686, 688 (Co. App. 1998). But a motorist is not "unknown" where only his or her whereabouts are unknown. Problems in effecting service on the known tortfeasor does not mean the tortfeasor is "unknown." 973 P.2d at 688-89. "Where the offending party is insured but unavailable for service, the injured party cannot

recover under his uninsured coverage with his insurance company." *Weinberg v. State Farm Mut. Auto. Ins. Co.*, 659 S.W.2d 236, 238 (Mo. App. 1983).

If the legislature had intended to bring insured but unavailable tortfeasors within the purview of K.S.A. 40-284, it could have carved out a separate exception as it did under K.S.A. 40-285 for tortfeasors insured by insolvent insurance companies.

Affirmed.