511 A.2d 845

**Hyewon BINCZEWSKI, Appellee,**

v.

**CENTENNIAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 3, 1986.

Filed June 16, 1986.

Francis T. McDevitt, Philadelphia, for appellant.

Ira B. Shrager, Philadelphia, for appellee.

Before McEWEN, OLSZEWSKI and KELLY, JJ.

OLSZEWSKI, Judge:

Appellant, Centennial Insurance Company ("Centennial"), challenges the denial of its petition to correct and modify an award of arbitrators. This case arose from a motor vehicle collision involving appellee Hyewon Binczewski. Appellee was involved in an automobile accident on January 11, 1984. The driver of the vehicle that struck Mrs. Binczewski's car stopped to ask if she was hurt and then immediately left the scene. No exchange of insurance information or names occurred. Soon after, a police officer arrived. At the time of the accident, appellee was insured by appellant. Following an arbitration hearing, a decision was rendered in favor of Mrs. Binczewski. She was awarded damages of $100,-

000, the full amount of the uninsured motorist coverage in the policy issued to her by Centennial.

Centennial challenges this award on three grounds. First, appellant claims that Mrs. Binczewski intentionally allowed the operator of the other vehicle to leave the scene of the accident without taking any information on the operator. Appellant argues that because of this, appellee, as a matter of law, cannot prove that the accident was caused by an "uninsured motor vehicle." Appellant's second issue is merely an extension of the first. Appellant argues that, as a matter of law, it is entitled to a modification or correction of the award because appellee did not prove that an uninsured motor vehicle was involved. Finally, appellant argues that appellee's proofs as to damages were insufficient. We do not agree with any of appellant's contentions and affirm the order of the court below.

█ In the insurance policy issued by Centennial to Mrs. Binczewski, one of the definitions of an uninsured motor vehicle is "a hit and run vehicle whose operator or owner cannot be identified...." Reproduced record at 14a. This is precisely the class of motor vehicle which struck Mrs. Binczewski's automobile. The driver in this case stopped momentarily to ascertain whether appellee was in need of emergency assistance, but he is nonetheless a hit-and-run driver. He had a duty to "give his name, address and the registration number of the vehicle he (was) driving...." 75 Pa.Cons.Stat.Ann. Sec. 3744(a) (Purdon 1977). That he neglected that duty is no fault of appellee.

█ That portion of the insurance policy entitled "Duties After an Accident or Loss" states that "(a) person seeking Uninsured Motorists Coverage must also: 1. Promptly notify the police if a hit and run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought." Reproduced record at 11a. Under the policy issued by Centennial, Mrs. Binczewski is entitled to coverage. Appellee was struck by a hit-and-run vehicle whose owner and operator cannot be identified. Appellee notified

the police officer at the scene of the collision. We agree with the lower court that nothing in the insurance policy imposes a duty upon appellee to actively question the driver of the vehicle which struck her "when the driver almost instantaneously drove away and left no information. The issue has not been discussed in Pennsylvania case law and we find the cases cited by petitioner, of other jurisdictions, to be unpersuasive." Lower court opinion at 2–3.

We find appellant's final argument, that the medical evidence was insufficient to justify an award for damages, to be without merit. The record contains ample evidence to allow the finder of fact to determine that appellee suffered injuries which were caused by the accident, including the results of an examination by appellant's physician, who could not state that Mrs. Binczewski's injuries were not caused by the accident. The evidence was sufficient to support the damages awarded to appellee.

The order of the lower court is affirmed.