Carol **BARBA**, Plaintiff–Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Defendant–Appellee.**

No. 85CA0431.

Colorado Court of Appeals, Div. II.

Feb. 4, 1988.

Rehearing Denied March 3, 1988.

Certiorari Granted (Barba) Aug. 22, 1988.

Petition for Writ of Certiorari Withdrawn Sept. 23, 1988.

Kofoed & Larson, P.C., Scott R. Larson, Denver, for plaintiff-appellant.

Anderson, Campbell & Laugesen, P.C., Robert L. McGahey, Jr., Denver, for defendant-appellee.

PLANK, Judge.

Plaintiff, Carol Barba (Barba), filed suit against defendant, State Farm Mutual Automobile Insurance Company (State Farm), seeking a declaratory judgment that, under her automobile insurance policy issued by State Farm, she was entitled to uninsured motorist coverage for injuries she suffered when her automobile was involved in a one-car accident. After a trial to the court, judgment was entered in favor of State Farm. We affirm.

■ The trial court made the following findings of fact, supported by the record, and conclusions of law. On May 22, 1982, an automobile owned by Barba and insured by State Farm ran into a home located in southeast Denver. No other automobile was involved in the accident. Barba was the passenger in the automobile. The identity of the driver was not known to Barba or otherwise proved at trial. Barba testified that she could not name the driver because she suffered amnesia as a result of injuries from the accident. State Farm suggested that Barba had spent the evening socializing at a Glendale restaurant and bar and was too inebriated to identify the driver. Although the court made no finding on this issue, it found that there was no evidence as to whether the driver was an insured or uninsured motorist.

We agree with State Farm that Barba failed to sustain her burden under the policy to prove that an uninsured motorist was operating her automobile. Moreover, the policy exclusion relied upon by the trial court would have precluded coverage.

■ Pursuant to Section IV of the policy, entitled "Uninsured Motor Vehicle Coverage Insuring Agreements," State Farm was required:

"To pay all sums which the *insured* or the legal representative of such *insured* shall be legally entitled to recover as damages from the owner or operator of an *uninsured motor vehicle* because of *bodily injury* sustained by the *insured*, caused by accident and arising out of the ownership, maintenance or use of such *uninsured motor vehicle....*" (emphasis in original)

This provision defines an uninsured motor vehicle to exclude the insured's vehicle. It states:

"[T]he term *uninsured motor vehicle* shall not include: (i) a vehicle defined herein as an *insured motor vehicle....*" (emphasis in original)

If, as here, the provisions of an insurance policy are in plain and unambiguous language and do not violate public policy, we will not relieve a party to the contract from disadvantageous terms or give the language a forced construction. *Standard Marine Insurance Co. v. Peck*, 140 Colo. 56, 342 P.2d 661 (1959). Accordingly, the policy at issue will be enforced according to its terms, and under those terms, uninsured vehicle coverage does not extend to injuries sustained by plaintiff while she was a passenger in her own car.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.