### HARTFORD INSURANCE COMPANY, Plaintiff,

v.

### Zachary BLACKBURN, Defendant.

### Civ. A. No. 88–3004.

United States District Court, E.D. Pennsylvania.

Jan. 13, 1989.

M. Landon Spencer, Philadelphia, Pa., for plaintiff.

Gary S. Dion, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff, Hartford Insurance Company, seeks a declaration that its insured, Zachary Blackburn, was not involved in an accident with an uninsured motorist and that it has no duty to arbitrate Blackburn's claim for uninsured motorist's benefits. On June 14, 1988, I issued an order denying Blackburn's motion to dismiss. Hartford subsequently filed a motion for summary judgment. There being no material facts in dispute, the question of whether Blackburn was involved in an accident with an uninsured motorist is one of law. *See Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir.1988).

FACTS

On October 28, 1986, while Blackburn was sitting in his parked automobile in a

Sears parking lot, an automobile driven by an unidentified woman struck an open door on the driver's side of Blackburn's car. Both Blackburn and the other driver got out of their cars. Blackburn asked the woman for her name, license tag number, address, and insurance card. The woman told Blackburn her name and appeared to copy her license tag number on a piece of paper which she then handed to him. The woman did not respond to Blackburn's requests for her address and insurance card.

When Blackburn informed the woman that he was going to call the police, she told him that she was in a hurry. He asked the woman to wait, and began to walk towards a restaurant in order to use the pay telephone. While the woman at first seemed to be walking in the same direction as Blackburn, she suddenly turned around, rushed back to her car, and drove away. Blackburn attempted to chase her on foot in order to verify the license tag number she had given him, but he was unable to reach her. Blackburn obtained the name and phone number of a man who witnessed the incident.

Although Blackburn did not call the police, he called his attorney two days after the accident occurred and told him what had happened. Blackburn could not recall the name that the woman had given him, and a search for a vehicle registered under the tag number she had given him proved fruitless.[1] When Blackburn attempted to contact the witness to the accident, the witness's phone had been disconnected.

Blackburn's car sustained damage as a result of the accident and Blackburn alleges that he suffered personal injury as well. He filed a claim with Hartford for uninsured motorists coverage which Hartford denied, asserting that the unidentified woman was not an "uninsured motorist" under the terms of Blackburn's policy. When Blackburn attempted to compel arbi-

tration, Hartford filed this declaratory judgment action.

## DISCUSSION

■ As this diversity action was filed in the federal district court sitting in Pennsylvania, Pennsylvania's choice of law rules govern. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). In contract actions, Pennsylvania courts apply the standard set forth in *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964), which combines an "interest analysis" approach with the "most significant relationship" test of the Second Restatement of Contracts. *See Melville v. American Home Assurance Co.* 584 F.2d 1306, 1311 (3d Cir.1978). In this case, the accident occurred in Pennsylvania; the insured is a resident of Pennsylvania; and the insurer does business in the Commonwealth. Accordingly, Pennsylvania law governs resolution of the declaratory judgment action.

The relevant portion of Blackburn's policy states that the insurer "will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury:

1. Sustained by a *covered person;* and
2. Caused by an accident."

Compl. Exh. A (emphasis in original). It is undisputed that Blackburn is a "covered person" under the policy and that his injury was "caused by an accident." One of the policy's definitions of "uninsured motor vehicle" is "a hit and run vehicle whose operator or owner cannot be identified." *Id.* Hartford alleges that this case does not present a situation in which the driver of the other vehicle could not have been identified. It claims that in order for a vehicle to be considered "hit and run," the driver must immediately leave the scene of the accident. Hartford contends that Blackburn had "ample opportunity" to question the other driver and to obtain the license

---

1. At his deposition, Blackburn could not produce the piece of paper that the woman had given to him. Although he claimed to have given the paper to his attorney, his attorney had no record of having received it. Tr. at 48. At some point after he first contacted his attorney,

however, Blackburn allegedly read the number on the paper to his attorney's secretary over the telephone. Blackburn was able to produce the secretary's message from that phone conversation, which included the tag number, at his deposition.

tag number himself. Furthermore, Hartford denies coverage on the basis that Blackburn failed to satisfy an affirmative duty to notify the police of the incident.

The only Pennsylvania case directly addressing this issue is *Binczewski v. Centennial Ins. Co.*, 354 Pa.Super. 229, 511 A.2d 845 (1986). In that case, the superior court, interpreting an identical definition of "uninsured motor vehicle," found that "nothing in the insurance policy imposes a duty upon [the insured] to actively question [sic] the driver of the vehicle which struck her 'when the driver almost instantaneously drove away and left no information.'" *Id.* 511 A.2d at 847 (quoting lower court opinion at 2–3). Similarly, Blackburn's policy imposed no duty on him to question the driver of the vehicle that struck his car. Nonetheless, Blackburn attempted to ascertain the woman's name, address, tag number, and insurance information. She remained entirely uncooperative, leaving Blackburn with no means to contact either her or her insurance company later. Hartford cannot deny coverage on the ground that Blackburn was unsuccessful attempting to do something that his insurance policy does not require him to do.

Nor does the law impose a duty on Blackburn to interrogate the other driver. On the contrary, the woman whose vehicle struck Blackburn's car had a legal obligation pursuant to Pennsylvania's Vehicle Code, 75 Pa.S.C.A. § 101 *et seq*, to provide Blackburn with her name, address, and vehicle registration number, whether Blackburn solicited this information or not. *See id.* at § 3744(a). If Blackburn were injured, she had a duty to remain at the scene of the accident until she had fulfilled the requirements of section 3744. *Id.* at § 3742. The fact that she did not comply with the law is no fault of Blackburn's.

Although the insurance policy at issue in *Binczewski* required that persons seeking uninsured motorists coverage notify the police if a hit and run driver were

involved, 511 A.2d at 846, there is no indication from the portion of the policy with which Hartford provided me that Blackburn was under any such obligation. Hartford certainly cannot now impose this responsibility retroactively.

Under the insurance policy issued by Hartford, Blackburn qualifies as a covered person struck by a "hit and run vehicle whose owner or operator cannot be identified." The other driver "almost instantaneously drove away and left no information" that would enable Blackburn to locate her or to ascertain whether she had motor vehicle insurance. I therefore find that Blackburn was involved in an accident with an uninsured motorist.

Blackburn's response to Hartford's motion for summary judgment asks only that I deny that motion and order the parties to submit to arbitration, but does not include a cross-motion for summary judgment. In granting Blackburn's request, I find that no issues remain for me to resolve.[2] Accordingly, summary judgment will be entered in favor of Blackburn.

2. Now that I have made the legal determination that Blackburn's accident was with an uninsured motorist, any disputes between the parties concerning whether Blackburn is legally entitled to recover damages or the amount of damages are encompassed by the policy's arbitration provision. *See Myers v. State Farm Ins. Co.*, 842 F.2d 705, 708 (3d Cir.1988).