**Susan WHITE, Plaintiff–Appellee,**

v.

**FARMERS INSURANCE EXCHANGE, Defendant–Appellant.**

**No. 96CA1167.**

Colorado Court of Appeals, Div. V.

Oct. 2, 1997.

Pribila & Sokolow, P.C., Anthony L. Sokolow, Colorado Springs, for Plaintiff–Appellee.

Retherford Mullen Johnson & Bruce, J. Stephen Mullen, M. James Zendejas, Colorado Springs, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

In this declaratory judgment action concerning uninsured motorist (UM) benefits, defendant, Farmers Insurance Exchange (Farmers), appeals the summary judgment entered by the trial court in favor of plaintiff, Susan White. We reverse and remand for further proceedings.

Plaintiff was involved in an accident with a pick-up truck. It is undisputed that, at the

accident scene, the driver of the pick-up truck approached plaintiff's vehicle and, while plaintiff sat in her vehicle, gave her his driver's license and proof of insurance. After copying this information, plaintiff returned these items to the driver.

Plaintiff then decided to look at the damage to the other driver's truck. She climbed out of the passenger side window and tripped, dropping the papers she was holding, including a piece of paper containing the other driver's identification and insurance information. The other driver assisted plaintiff in picking up her paperwork.

When plaintiff later looked for the other driver's information, it was missing. Although plaintiff believed that the other driver took the information from her, she admitted that she had no direct proof of this.

Plaintiff completed a police report containing some information received from the other driver, including the vehicle's make and model, that it had Virginia license plates, that the driver lived on a local military base, and that the vehicle was insured by State Farm.

Plaintiff then sought uninsured motorist benefits from Farmers under her automobile policy, contending only that the other driver had purposefully taken a piece of paper containing his identification and insurance information. Farmers denied her claim. In the ensuing action, the parties filed cross-motions for summary judgment. The trial court denied Farmers' motion, and granted plaintiff's. This appeal followed.

## I.

Farmers contends that the trial court erred in granting summary judgment in favor of plaintiff. Because there are disputed issues of material fact, we agree.

Summary judgment is a drastic remedy and is only appropriate upon a clear showing that there is no genuine issue as to any material fact. A fact is material if it will affect the outcome of the case. Even if both parties argue that summary judgment is appropriate because there are no disputed issues of fact, it does not invariably follow that a trial is unnecessary or that the trial court is empowered to enter judgment summarily.

*Dominguez Reservoir Corp. v. Feil,* 854 P.2d 791 (Colo.1993).

Farmers' policy provides that Farmers will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury. As pertinent here, the policy defines an uninsured motor vehicle as "a hit-and-run vehicle whose operator or owner has not been identified and which strikes ... your insured car."

The parties do not dispute that the policy places the burden of proof upon plaintiff to show that her injuries arose from an accident involving a hit-and-run vehicle with an unidentified driver. *See Barba v. State Farm Mutual Automobile Insurance Co.,* 759 P.2d 750 (Colo.App.1988).

While we find no case law in Colorado involving a fact pattern similar to that presented here, courts in other jurisdictions have held that, when a driver purposefully withholds his or her identification or gives false information, UM benefits are available. *See Hartford Insurance Co. v. Blackburn,* 702 F.Supp. 1199 (E.D.Pa.1989) (driver gave name and appeared to copy license number on piece of paper given to insured, but did not respond to request for address and insurance card and left accident scene when insured indicated he was going to call police); *Meerzon v. Erie Insurance Co.,* 380 Pa.Super. 386, 551 A.2d 1106 (1988) (driver gave false information to insured).

■ We agree with this rationale and, accordingly, hold that, when an allegedly uninsured driver prevents the insured from obtaining information concerning his or her identification, UM benefits are available.

■ Plaintiff argues that the above principle is applicable here and that, thus, summary judgment was properly entered. However, there is an issue of material fact concerning plaintiff's contention that the other driver surreptitiously made off with the slip of paper on which she had noted the information concerning his identity and address. Under the evidence before the trial court, resolution of that issue by summary judgment was not appropriate.

**600**

## II.

■ We do not address Farmers' contention that the trial court erred in denying its motion for summary judgment. *See Feiger, Collison & Killmer v. Jones,* 926 P.2d 1244 (Colo.1996) (the denial of a motion for summary judgment is not a final appealable order).

The judgment is reversed, and the cause is remanded for further proceedings in accordance with the views set forth in this opinion.

RULAND and KAPELKE, JJ., concur.