## A90A0489. SHEARS v. HARRIS.
(395 SE2d 300)

BANKE, Presiding Judge.

The appellant filed suit against the appellee on January 21, 1987, to recover for injuries she had allegedly sustained in an automobile accident which had taken place on February 25, 1985. On June 23, 1987, International Indemnity Company was served as the appellant's uninsured motorist carrier; and that company subsequently filed an answer in its own name. Service was not perfected on the appellee until September 28, 1988, some 31 months after the accident and 20 months after the filing of the complaint. The trial court granted summary judgment to the appellee on the ground that the appellant had failed to exercise due diligence in perfecting service upon her, and this appeal followed.

In an effort to show that he had exercised due diligence in attempting to perfect service on the appellee, counsel for the appellant submitted affidavits from five private investigators detailing their cumulative efforts to locate the appellee during the 20-month period after the complaint was filed. Although appellant's counsel represented to the trial court that all of these investigators had been hired by him, he has conceded in a brief filed in this court that he actually only hired two of them and that the remainder were retained by the uninsured motorist carrier. Appellant's counsel averred that he hired the first investigator about a month after filing the complaint (by which time the limitation period had already run), after first attempting to locate the appellee by checking telephone directories and hiring a skip tracer. One of the investigators retained by the appellant worked for only three weeks, while the other worked sporadically from March through June of 1987. The appellee was finally located on August 22, 1988, by one of the investigators hired by the uninsured motorist carrier. She was served with a copy of the appellant's complaint approximately a month later, on September 28, 1988. *Held*:

Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of

laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673, 676 (3) (307 SE2d 134) (1983). The plaintiff has the burden of showing that due diligence was exercised. *Smith v. Griggs*, 164 Ga. App. 15, 18 (2) (296 SE2d 87) (1982); *Bowman v. U. S. Life Ins. Co.*, supra. Ordinarily, "[t]he determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138) (1984).

The appellee contends that the trial court's determination in the present case that the appellant had failed to exercise due diligence must be upheld under *Freemon v. Dubroca*, 177 Ga. App. 745 (2) (341 SE2d 276) (1986), because here, as in that case, the appellant's efforts were "intermittent and wholly ineffective." The defendant in *Freemon* had been served by a professional process server some nine months after the complaint was filed. It was shown there that *no* investigative attempts had been made to find the defendant before the process server was retained, that the server had been able to locate the defendant within seven days after being appointed, and that he had done so at the same address originally provided to the marshal at the time the suit was filed.

It is apparent that the whereabouts of the appellee in the present case were more difficult to ascertain, since several investigators had attempted without success to find her before she was finally located and served. Nevertheless, we conclude that the evidence did not demand a finding that appellant's counsel exercised due diligence. The brief which he submitted in opposition to the appellee's summary judgment motion contained misleading statements concerning who had retained the various investigators hired to locate the appellee, and his affidavit was vague and unrevealing on the issues of when and by what means he had finally learned of the appellee's whereabouts, and how long he had waited thereafter before obtaining service on her. As the burden was on the appellant to show that she had exercised due diligence to insure that proper service was effected as quickly as possible, we must conclude that her claim against the appellee was properly subject to dismissal under these circumstances on the ground that it was barred by the applicable statute of limitation.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 4, 1990 —
REHEARING DENIED JUNE 21, 1990 — CERT. APPLIED FOR.

*Guy G. Michaud, Christopher J. McFadden*, for appellant.

*Mozley, Finlayson & Loggins, Robert M. Finlayson II, R. Ann Grier, Lane, O'Brien & Coburn, Eugene O'Brien*, for appellee.