## S90A1175. ROBINSON v. ROBINSON.
(399 SE2d 64)

HUNT, Justice.

The husband's divorce complaint, served by publication, alleged that his wife lived outside of the State of Georgia and her last known address was 1815 Cashmere Court, Lithonia, Georgia. Several months after the divorce was granted, the wife moved to set it aside contending the husband knew at the time the divorce was filed that she lived in College Park, Clayton County, and that her former address was 1813, not 1815, Cashmere Court in DeKalb County. OCGA § 9-11-60 (d). See *Cook v. Bright*, 150 Ga. App. 696, 698 (258 SE2d 326) (1979). The trial court denied the wife's motion.

We have reviewed the evidence tendered to the trial court, and,

while the evidence is conflicting on the issue whether the husband did or did not in fact know where the wife lived, the parties failed to produce any evidence to meet the standard of *Abba Gana v. Abba Gana*, 251 Ga. 340, 342 (304 SE2d 909) (1983):

> Because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a *showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts.* . . . [I]t is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information. [Emphasis supplied.]

Since the trial court did not consider the issue of the husband's due diligence in seeking to locate the wife, the case is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED JANUARY 9, 1991.

*Lawrence L. Aiken, James W. Studdard,* for appellant.
James Robinson, Sr., *pro se.*