A91A0872. STARR v. WIMBUSH.
(410 SE2d 776)

POPE, Judge.

Plaintiff Kenneth Starr was allegedly injured in an automobile collision involving defendant Ralph W. Wimbush on January 28, 1987. Plaintiff filed an action for personal injury on January 25, 1989, two days before the expiration of the period of limitation on the action. Personal service on defendant was not perfected until August 23, 1989. Defendant answered and raised the defense that the action was barred by the applicable statute of limitation. Defendant filed a mo-

tion to dismiss and the trial court granted the motion, finding the plaintiff failed to show the exercise of due diligence in perfecting service. Plaintiff appeals.

1. We reject plaintiff's argument that dismissal was improper because defendant waived the defense of insufficient service of process. Regardless of its timeliness, personal service was eventually perfected on defendant. Thus, no ground existed for any objection to the method of service. The motion to dismiss was brought on the ground that the action is barred by the statute of limitation and defendant's right to dismissal on this ground was not waived.

2. Plaintiff argues the trial court erred in finding he failed to show he exercised due diligence in attempting to perfect service.

"Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. (Cit.) The plaintiff has the burden of showing that due diligence was exercised. (Cits.) Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. (Cit.) *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300) (1990). *Green v. Young*, 197 Ga. App. 101, 101-102 (397 SE2d 509) (1990)." (Punctuation omitted.) *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 349 (408 SE2d 111) (1991). The only issue thus presented is whether the trial court abused its discretion in finding plaintiff failed to show due diligence in perfecting service.

Plaintiff showed he relied upon the information contained within the accident report of the automobile collision which forms the basis for plaintiff's complaint when he listed defendant's address on the summons attached to the complaint. After the return of service, dated February 3, 1989, showed service was not perfected because defendant had moved from the stated address, plaintiff instructed a private investigator to search for defendant's whereabouts. The affidavit of the private investigator attests he was contacted by plaintiff's attorney on February 6. The affidavit sets forth numerous inquiries he made between February 14 and August 9, when he obtained the address where personal service was perfected on August 23. During this period, some effort was made to locate defendant at least every three weeks.

Plaintiff showed he made steady efforts, although after the expiration of the limitation period, to discover defendant's whereabouts. Nevertheless, if this was all the record showed we would be con-

strained to hold the trial judge did not abuse his discretion because the evidence did not demand a finding of due diligence. See *Shears v. Harris*, 196 Ga. App. 61 (395 SE2d 300) (1990). The record shows, however, the plaintiff obtained from a different trial judge an order dated June 30, 1989, permitting service by publication and shows service by publication was attempted in accordance with OCGA § 9-11-4 (e) in July 1989. Of course, "[b]ecause this was a tort action seeking an *in personam* judgment against defendant, the attempted service by publication was ineffective." *Jones v. Cropps*, 197 Ga. App. 313, 314 (1) (398 SE2d 295) (1990). However, the order permitting service by publication expressly found, based on evidence presented in support of the motion for such service, that defendant could not be found "after due diligence." Because due diligence had already been found as of June 30, and the record shows several additional steps were taken to locate defendant between June 30 and the date he was served less than two months later, we hold the trial court did abuse its discretion in dismissing plaintiff's complaint.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 6, 1991 —
RECONSIDERATION DENIED SEPTEMBER 24, 1991 — ▮▮▮▮▮▮▮

*William J. Deangelis*, for appellant.

*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellee.