A92A0928, A92A0929. DOUGLAS et al. v. WOON et al. (two cases).
(422 SE2d 61)

POPE, Judge.

These two actions arise out of the same automobile collision which occurred on October 2, 1988. The plaintiffs, both occupants of the same vehicle, brought separate identical actions against defendant O. Sang Woon and defendant John Doe, an unknown "phantom" motorist, alleging the negligence of both defendants combined to cause the collision in which they were injured. At the time the actions were filed on September 27, 1990, plaintiffs filed the affidavit of their attorney attesting that efforts had been made to locate defendant Woon at the address listed in the accident report, through the telephone book and through the insurer listed on the accident report, but he could not be found. In each case, the trial court issued an order concluding the defendant could not be located in Georgia and granting plaintiffs' motion for service by publication. The record shows a notice of publication was issued by the clerk of the trial court for each case on the day the actions were filed. Plaintiffs also served their uninsured motorist insurer.

Plaintiffs' uninsured motorist insurer filed an answer in both actions on behalf of defendant John Doe as well as a motion for summary judgment on the ground that the record showed no physical im-

pact with the vehicle driven by defendant John Doe and the plaintiffs failed to produce corroborating testimony as to the existence of John Doe, as required by OCGA § 33-7-11 (b) (2). The trial court granted these motions. Defendant Woon's insurer filed an answer in both actions on his behalf as well as a motion to dismiss for insufficiency of service upon Woon. The trial court also granted these motions. Plaintiffs appeal.

1. We agree that the trial court erred in granting defendant Woon's motion to dismiss. It is true that because Woon has not been personally served, in personam jurisdiction may not be obtained against Woon and therefore no judgment may be recovered from him personally or his insurer. See *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50 (268 SE2d 632) (1980). Nevertheless, a judgment against Woon may be recovered from plaintiffs' uninsured motorist insurer because he is, in essence, an uninsured motorist. Id. See also *Bell v. Bennett*, 189 Ga. App. 423 (375 SE2d 884) (1988); *Wentworth v. Fireman's Fund &c. Cos.*, 147 Ga. App. 854 (250 SE2d 543) (1978); *Norman v. Daniels*, 142 Ga. App. 456 (236 SE2d 121) (1977).

We reject defendant's argument that plaintiffs failed to show due diligence in attempting to locate defendant because they did not show they had attempted to serve the defendant. The statute permitting service by publication does not require a showing that service has been attempted but only that the party to be served "has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of the summons . . . ." OCGA § 9-11-4 (e) (1) (A). Moreover, by granting the order permitting service by publication the trial court, in effect, made a finding of due diligence. See *Starr v. Wimbush*, 201 Ga. App. 280 (2) (410 SE2d 776) (1991).

Once it is shown that, after diligent inquiry, the tortfeasor cannot be served, the action against the uninsured motorist insurer may proceed if the insurer was timely served. *Norman v. Daniels*, supra. The insurer does not argue that it was not properly served. The record shows that service copies of plaintiffs' complaints were received in the sheriff's office on October 1, before the expiration of the two-year period of limitation, and the sheriff's return of service shows the complaints were served on the uninsured motorist insurer on October 3, 1990, two days after the period of limitation had expired and six days after the complaints were timely filed. Even though the complaints were not automatically timely because they were not served within five days as set forth by OCGA § 9-11-4 (c), the record shows plaintiffs provided the sheriff's office with the proper address for service upon the uninsured motorist insurer within the period of limitation and the complaints were served within a matter of days. Under these facts, the insurer was timely served. See *Bennett v. Matt Gay Chev-*

*rolet &c.*, 200 Ga. App. 348 (1) (408 SE2d 111) (1991). Even though the uninsured motorist insurer chose to answer only on behalf of the John Doe defendant, because defendant Woon's insurer is not obligated to defend him, plaintiffs' uninsured motorist insurer is now under an obligation to assume his defense as an uninsured motorist. Thus, we reverse the dismissal of defendant Woon and direct the trial court to issue an order consistent with our ruling that although a judgment may not be recovered from defendant Woon or his insurer, the defendant remains a party to the action as an uninsured motorist.

2. We agree, however, that the trial court properly granted summary judgment to defendant John Doe. Plaintiffs admit that no corroborating evidence was submitted to support their claim against the "phantom" John Doe defendant. Plaintiffs argue, however, that the grant of summary judgment improperly permits their uninsured motorist insurer to avoid liability for the alleged negligence of the other uninsured motorist, defendant Woon. Our holding in Division 1 of this opinion settles this issue.

*Judgments affirmed in part and reversed in part with direction. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Zachary & Segraves, J. Ed Segraves*, for appellants.

*Drew, Eckl & Farnham, John P. Reale, L. Lee Bennett, Jr., Sullivan, Hall, Booth & Smith, John E. Hall, Jr., Roger S. Sumrall*, for appellees.