## A93A0317. SMITH v. JOHNSON.
(433 SE2d 404)

POPE, Chief Judge.

Plaintiff alleges he was injured in an automobile collision caused by defendant Sammie R. Johnson, Jr., on February 9, 1990. Plaintiff's complaint was served upon both defendant and plaintiff's uninsured motorist insurer, Allstate Insurance Company. The trial court dismissed the complaint as to both defendant and Allstate and plaintiff appeals.

1. Plaintiff filed his complaint against defendant October 4, 1991

and provided the sheriff with an address for service. On October 8, the return of service was filed indicating defendant could not be found and containing the notation that defendant had moved to Indiana. On February 6, 1992 plaintiff filed an amendment to the complaint alleging that after due diligence defendant could not be found in the jurisdiction of the court and requesting service by publication. In support of the request for service by publication plaintiff filed the affidavit of his attorney setting forth the steps which had been taken to locate defendant. The request was granted and the record shows service by publication was issued. Defendant then filed his motion to dismiss the complaint on the ground of insufficiency of service and laches.

The record shows that after defendant filed the motion to dismiss, a return of service was filed on July 21, 1992 indicating defendant was personally served. Nevertheless, the trial court granted the motion on the ground that service by publication was insufficient to confer in personam jurisdiction over the defendant. The trial court did not acknowledge that defendant had been personally served and did not address the issue of whether personal service over six months after the period of limitation had expired and nine months after the complaint was filed was effective or was untimely on the ground of laches. We vacate the trial court's order and remand for consideration of the issue of the timeliness of personal service.

Even though service by publication is insufficient to confer in personam jurisdiction over defendant (see *Veal v. Gen. Accident Fire &c. Corp., Ltd.*, 128 Ga. App. 610 (197 SE2d 410) (1973)), "by granting the order permitting service by publication the trial court, in effect, made a finding of due diligence. See *Starr v. Wimbush*, 201 Ga. App. 280 (2) (410 SE2d 776) (1991)." *Douglas v. Woon*, 205 Ga. App. 355, 356 (422 SE2d 61) (1992). Thus, as of the date of the order granting the request for service by publication, the trial court found the plaintiff had been diligent in the attempt to locate defendant. Another six months expired before personal service was perfected, however. Although the record contains no evidence concerning the plaintiff's efforts to serve defendant during this period, this court cannot rule as a matter of law that plaintiff was not diligent in his efforts to serve defendant because no findings or conclusions were reached on this issue by the trial court. It is for the trial court to look at the facts of the case and ascertain whether plaintiff was guilty of laches. *Freemon v. Dubroca*, 177 Ga. App. 745 (2) (341 SE2d 276) (1986). On remand, the trial court shall reconsider defendant's motion to dismiss, including a determination of whether the personal service, which was apparently made on defendant, was timely.

2. At the same time plaintiff requested service by publication upon defendant, plaintiff also requested service upon his own unin-

sured motorist carrier, Allstate. Service upon Allstate was perfected February 14, 1992, six days after the period of limitation had expired in regard to the tort action against defendant and four months after the complaint was filed. We affirm the trial court's dismissal of the complaint as to Allstate. "[T]he uninsured motorist carrier must be served within the time allowed for valid service on the defendant in the tort action. *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976)." *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162, 163 (377 SE2d 853) (1989). Accord *State Auto Ins. Co. v. Reese*, 191 Ga. App. 818 (383 SE2d 157) (1989).

*Judgment affirmed in part and vacated in part with direction. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 30, 1993.

*George W. Carreker*, for appellant.

*Harper, Waldon & Craig, Russell D. Waldon, Hilliard V. Castilla, Fain, Major & Wiley, Thomas E. Brennan, Irwin, Bladen, Baker & Russell, R. Chris Irwin*, for appellee.