S93A0997. McDADE v. McDADE.
(435 SE2d 24)

BENHAM, Justice.

Following the entry of a judgment of divorce in January 1990, appellee Mr. McDade's motion to set aside the judgment of divorce was denied in February 1990. In May 1992, Mr. McDade initiated this separate action by filing a "complaint to vacate and set aside" the 1990 judgment. Mrs. McDade was served by publication and did not file an answer. On August 13, 1992, the trial court granted Mr. McDade's motion to set aside the 1990 judgment of divorce, and subsequently denied Mrs. McDade's motion to set aside the August 1992 judgment. We granted Mrs. McDade's application for discretionary review to determine whether the trial court's August 1992 decision was barred by the doctrine of res judicata in light of the 1990 denial of Mr. McDade's motion to set aside the 1990 judgment.

1. We are unable to address the res judicata issue because Mrs. McDade filed no defensive pleadings and thereby failed to assert res judicata, an affirmative defense. See OCGA § 9-11-8 (c); *Owens v. Owens*, 248 Ga. 720 (3) (286 SE2d 25) (1982). See also *Hansford v. Robinson*, 255 Ga. 530 (1) (340 SE2d 614) (1986).

2. We will, however, turn our attention to the issue of the validity

of the service of process upon Mrs. McDade, an issue that is a necessary prerequisite to the question we posed in granting the discretionary application and which was raised in the application for discretionary review and addressed in the briefs of both parties.

When Mr. McDade filed his "complaint to vacate and set aside" the 1990 judgment of divorce, he also filed a motion for service of Mrs. McDade by publication and the affidavit of his attorney averring that Mrs. McDade resided at a certain address in Louisville, Kentucky and could not be found in Georgia for service of summons. See OCGA § 9-11-4 (e) (1) (A). The clerk of the superior court issued the order allowing service by publication two days later and noted on the order that a copy was mailed to Mrs. McDade's last-known Kentucky address. The legal advertisement was published in the Griffin Daily News in May and June 1992. Subsequently, the trial court issued an order declaring that service had been perfected upon Mrs. McDade through the service by publication, and granted the motion to set aside the divorce decree on August 13. In an affidavit filed in support of her motion to set aside the August 13 judgment, Mrs. McDade swore that she had moved from the Louisville address a year earlier, but had maintained the same telephone number at which Mr. McDade had sporadically contacted her without informing her of the action he had filed.

"[N]otice by publication is a notoriously unreliable means of actually informing interested parties about pending suits. . . ." *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983). While the Civil Practice Act provides that service by publication is a valid alternative method of service on non-residents (see OCGA § 9-11-4 (e) (1), (i)), due process requires that the method of service used "be reasonably certain to give actual notice of the pendency of a proceeding" to the party so served. *Abba Gana v. Abba Gana*, supra at 343. Thus, where personal service is possible on a non-resident defendant over whom personal jurisdiction is sought under the Long-Arm Statute (OCGA § 9-10-94), i.e., where the non-resident's address is known, service by publication will be consistent with constitutional guaranties if the defendant receives actual notice of the suit. *Marbury v. Marbury*, 256 Ga. 651 (1) (352 SE2d 564) (1987). In such a case, the plaintiff has the burden of establishing that the defendant received actual notice or expressly or impliedly waived such notice. Id. Where the defendant's address is unknown, service by publication is constitutionally permissible upon a showing that reasonable diligence has been exercised in attempting to ascertain the defendant's whereabouts. *Robinson v. Robinson*, 260 Ga. 731 (399 SE2d 64) (1991); *Abba Gana v. Abba Gana*, supra.

In the case at bar, there was no showing that Mrs. McDade had received, or waived receipt of, actual notice of the lawsuit, or that

reasonable diligence had been exercised in attempting to find Mrs. McDade.[1] In the absence of either or both such showings, the trial court erred when it exercised personal jurisdiction over Mrs. McDade by entering the August 13 order and judgment. That judgment is vacated and the case remanded to the trial court for a determination whether the service by publication on Mrs. McDade met the constitutional guaranties outlined above.

*Judgment vacated and case remanded. All the Justices concur, except Hunt, P. J., who concurs in the judgment only.*

DECIDED SEPTEMBER 13, 1993 —
RECONSIDERATION DENIED OCTOBER 22, 1993.

*Shepherd & Brown, Timothy N. Shepherd,* for appellant.
*Howard P. Wallace,* for appellee.

---

[1] The trial court's finding that Mr. McDade exercised due diligence by relying upon an earlier statement of Mrs. McDade that she lived at the specified address in Louisville is not a finding that either of these burdens has been carried.