A93A1907. THOMAS v. PASSENGER.
(440 SE2d 228)

ANDREWS, Judge.

This is the second appearance of this case which arose from an automobile accident involving plaintiff Thomas. In the first, *Thomas v. Schouten*, 210 Ga. App. 244 (435 SE2d 746) (1993), plaintiff Marie Thomas appealed the grant of summary judgment to defendant Schouten. We affirmed the trial court's decision. Here, Thomas appeals the state court's grant of defendant Passenger's motion to dismiss.

Thomas filed the complaint in this action on October 28, 1991, for injuries she claimed to have received in an automobile accident on December 21, 1989. On October 29, 1991, a return of service was entered indicating that defendant Passenger was not to be found in the jurisdiction of the court and that he resided in Woodland, Tennessee.

On February 10, 1992, the court ordered that since Passenger could not be found within the state, service be made upon him by publication. Passenger was personally served with the complaint on September 30, 1992 and filed an answer raising appropriate service defenses.

On January 5, 1993, Passenger filed a motion to dismiss based on Thomas' failure to perfect service within the applicable statute of limitation. In conjunction therewith, Passenger filed his own affidavit which stated that he had moved several times since the accident, but that he had lived in Woodbury, Tennessee since October 1991. He stated that he had not attempted to hide or avoid service and that the correct telephone number for his parents' residence was listed on the sheriff's October 1991 return of service. Also filed with the motion to dismiss was the affidavit of Passenger's mother, which stated that the listed telephone number was correct and had been her number for the preceding three years.

On March 29, 1993, the court granted the motion to dismiss. In so doing, citing *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50 (268 SE2d 632) (1980), the court found that the order for service by publication was not sufficient to confer in personam jurisdiction upon Passenger in the suit for personal injuries. The court found that such order did not represent a finding by the court that Thomas had exercised due diligence in an attempt to locate Passenger to perfect personal service. Compare *Starr v. Wimbush*, 201 Ga. App. 280 (1) (410 SE2d 776) (1991). Further, the court found that the plaintiff's obligation to continue to exercise due diligence to serve Passenger did not expire with the order for service by publication and that Thomas had not acted in a reasonable and diligent manner to effect personal service. Accordingly, the court held that the service in September 1992 did not relate back to the original filing of the complaint, since Thomas was guilty of laches.

Thomas enumerates three errors. First, she claims that the court erred in finding that its order granting service by publication did not represent a finding of due diligence where the record showed that personal service had been attempted before she sought service by publication. Secondly, she claims that the trial court erred in finding that her complaint is barred where the record showed that Passenger "became a transient subsequent to the filing of the complaint." Finally, Thomas claims that the trial court erred in finding that service did not relate back to the original filing of the complaint.

Although Thomas' first argument — that the order for service by publication represents a finding that she had acted with due diligence in attempting personal service up to that point in time — may be correct, it is not dispositive of the issue here. Thomas cites OCGA § 9-11-4 (e) (1) (A) and *Abba Gana v. Abba Gana*, 251 Ga. 340 (304 SE2d 909) (1983), which support the proposition that in order for a

court to authorize service by publication, it must find the plaintiff acted with due diligence in pursuing "every reasonably available channel of information." In *Douglas v. Woon*, 205 Ga. App. 355 (1) (422 SE2d 61) (1992), the court stated that "by granting the order permitting service by publication the trial court, in effect made a finding of due diligence." Id. at 356. See also *Smith v. Johnson*, 209 Ga. App. 305 (433 SE2d 404) (1993).

Nonetheless, resolution of this question is not controlling in this case. Assuming arguendo, that the court erred in finding that service by publication did not constitute a finding of due diligence until that time, personal service on Passenger was not effected until nearly *seven months later* in September 1992. Thomas has made no showing as to any diligence exercised within these intervening months. Therefore, the issue Thomas raises regarding whether the order granting service by publication establishes her due diligence up to that point does not resolve our present inquiry. Because there was no showing of any diligence for the months preceding personal service, any error regarding the due diligence for service by publication was harmless. Accordingly, this enumeration is without merit. Compare *Smith*, supra (trial court made no finding regarding laches after the service by publication and case remanded for consideration of diligence factors).

Citing *Siler v. Johns*, 173 Ga. App. 692 (327 SE2d 810) (1985), Thomas' second and third arguments urge error with the court's finding that she did not exercise due diligence and the corresponding determination that the complaint is barred by the statute of limitation. Thomas argues that the fact that Passenger moved frequently made him a "transient" and her failure to serve him was justified. Nonetheless, unlike in *Siler*, Thomas does not detail *any* effort she undertook to serve Passenger in the seven-month gap between service by publication and the date of service.

"The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citations and punctuation omitted.) *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300) (1990). Thomas did not carry her burden of showing due diligence, no abuse of discretion appears and the trial court did not err in dismissing the complaint.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 20, 1993 —
RECONSIDERATION DENIED JANUARY 12, 1994 —

*Edwards & Youmas, Lonzy F. Edwards*, for appellant.

*Walker, Hulbert, Gray & Byrd, Michael G. Gray, Groover & Childs, Frank H. Childs, Jr.,* for appellee.