A95A1835. GENERAL ACCIDENT INSURANCE COMPANY
v. STRAWS.
(472 SE2d 312)

RUFFIN, Judge.

Michael Waters, an Alabama resident, collided with the automobile driven by Eileen Straws, and Straws suffered personal injuries. Waters informed Straws that he was not going to wait for the police to arrive, showed her his license, informed her he did not have an insurance card, and left the scene. Straws sued Waters and served General Accident Insurance Company ("General"), her uninsured motorist carrier. However, she was unable to serve Waters by mail because he did not reside at the address listed on his license. The complaint, which was sent by certified mail, was returned to Straws' attorney's office marked unclaimed. After several additional attempts to serve Waters, the trial court ordered that he be served by publication pursuant to OCGA § 9-11-4 (e). Waters did not appear at trial, and the jury returned a verdict for Straws. For reasons which follow, we affirm.

1. General contends the trial court erred in denying its motion for directed verdict. We disagree and address General's arguments seriatim.

(a) General argues that Straws failed to prove that Waters was an uninsured motorist because she did not show that he had not deposited sufficient security under OCGA § 33-7-11 (d) (2) to render him insured. OCGA § 33-7-11 (e) establishes the procedure for proceeding against one's own uninsured motorist carrier after being injured by a tortfeasor who cannot be found. It provides for service by publication when the owner or operator of a car which is alleged to have caused injury resides out of state, has left the state, or cannot after due diligence be found within the state. If those facts are presented by affidavit to the satisfaction of the judge and the affidavit or complaint shows that a claim exists against the driver and he is a necessary

party, the judge may order service of the summons by publication. Id. The issuance of such an order is, in effect, a finding of due diligence. *Douglas v. Woon*, 205 Ga. App. 355 (1) (422 SE2d 61) (1992). When the order has issued and the tortfeasor cannot be found with due diligence, the statute should be "broadly construed" to allow the carrier to be sued by finding the tortfeasor is an uninsured motorist. *Smith v. Commercial Union &c.*, 246 Ga. 50, 51 (268 SE2d 632) (1980). The law presumes that a vehicle is uninsured if its owner is unknown, and where the owner cannot be located, the uninsured motorist carrier can be sued. Id. at 52. Thus, the law does not require Straws to prove that Waters did not make the security deposits contemplated by OCGA § 33-7-11 (d) (2), and the trial court did not err in denying General's motion on this ground.

(b) General also contends the trial court erred in denying its motion because Straws failed to prove she had uninsured motorist coverage. General argues Straws introduced only hearsay testimony of that fact and failed to tender her policy into evidence. We disagree because Straws testified that at the time of the accident, she had uninsured motorist coverage with General and paid an extra premium for it. Because the value of this statement derived from Straws' credibility and did not rest on the veracity of another, it was not hearsay. OCGA § 24-3-1.

(c) Finally, General contends the court erred in denying its motion because the affidavit Straws' attorney submitted to support service by publication was insufficient under OCGA § 33-7-11. General fails to explain how the affidavit was insufficient and sets forth no argument for this contention. Accordingly, it is without merit. The affidavit stated that Waters was operating a vehicle which caused Straws' injuries, that Waters resided out-of-state and could not be located, and that Straws had a pending case for personal injuries in which Waters was a necessary party. This is all the statute requires. Id.

2. General contends the trial court erred in failing to give three of its requests to charge. General argues that because its requested charges on the plaintiff's credibility, the impropriety of awarding damages to compensate for pre-existing conditions, and proximate cause were correct statements of the law and adjusted to the facts of the case, the failure to give them constituted reversible error.

At the outset we note that under OCGA § 5-5-24, "no party may complain of the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." (Punctuation omitted.) *Kittles v. Kittles*, 187 Ga. App. 537, 539 (5) (370 SE2d 803) (1988). The transcript does not show that General stated the grounds of its objection to the court's failure to give the

charges. Moreover, the court gave charges which addressed the credibility of witnesses, compensating the plaintiff only for injuries caused by the defendant, and proximate cause. These charges covered the same principles of law as the charges General requested. A party is not entitled to have all of his requested charges given so long as the principle encompassed in the requested charge is covered elsewhere in the court's charge. *Lenny's Number Two v. Echols*, 192 Ga. App. 371 (3) (384 SE2d 898) (1989). As General does not argue that the charges given were incorrect statements of law, the court did not err in failing to give the requested charges.

3. Finally, we deny Straws' request that we award frivolous appeal damages under OCGA § 5-6-6 because there is no evidence that this appeal was asserted only for purposes of delay.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 7, 1996.

*George H. Connell, Jr.*, for appellant.
*McKenney, Jordan & Carey, Jane M. Jordan*, for appellee.