## S94Y1856. IN THE MATTER OF JOANNE RAY CLARKE.
(470 SE2d 233)

PER CURIAM.

After conducting an investigation into a grievance filed against Joanne Ray Clarke by former clients, the Investigative Panel of the State Disciplinary Board found probable cause to believe that Clarke had violated Standards 4 (engaging in professional conduct involving fraud, dishonesty, etc.), 21, 22 and 23 (failing to follow requirements for withdrawing from employment), 44 (abandoning a legal matter), 45 (knowingly engaging in illegal conduct contrary to a disciplinary rule), 61 (failing to promptly notify client of receipt of funds), 63 (failing to maintain complete records of all funds of a client coming into her possession and promptly rendering appropriate accounts to the client regarding such funds), 65 (commingling personal and client funds), and 68 (failing to respond to disciplinary authorities) of Rule 4-102 of the Rules of the State Bar of Georgia. Clarke is currently suspended from the practice of law following the grant of a petition for interim suspension. *In the Matter of Joanne Ray Clarke*, S94Y1473, July 21, 1994.

The grievance filed with the State Bar by the disgruntled clients stated that Clarke's office in Blakely, Georgia, had been closed, and informed the State Bar of Tallahassee, Florida, the address of Clarke's son, at which the complainants had last corresponded with Clarke. In their grievance, the complainants also reported that Clarke had been involuntarily committed to a state mental facility during her representation of them. Acting pursuant to State Bar Rule 4-208.1, the Investigative Panel filed a Notice of Discipline recommending that Clarke be disbarred. The State Bar attempted to serve a copy of the Notice of Discipline on Clarke by mailing a copy via

certified mail, return receipt requested, to the Blakely post office box Clarke had listed as her address with the State Bar, as well as to the Florida address provided by the complainants in their grievance. The Bar achieved service by publication after the certified mail to the Blakely post office box was returned to the State Bar with the notation that Clarke had moved and left no forwarding address. The record contains no information concerning the certified mailing to the Florida address. The Investigative Panel determined that the Office of General Counsel exercised reasonable diligence in attempting to ascertain the whereabouts of Clarke before resorting to notice by publication. See *Robinson v. Robinson*, 260 Ga. 731 (399 SE2d 64) (1991).

A Notice of Discipline recommending Clarke's disbarment was issued after the Investigative Panel considered Clarke's current suspension from the practice of law; her abandonment of her clients, causing them substantial and irreparable harm; and her failure to respond to the Office of General Counsel or the Investigative Panel during the course of the investigation. Having reviewed the record, it is hereby ordered that Joanne Ray Clarke be disbarred from the practice of law and her name removed from the roll of those individuals licensed to practice law in Georgia. *In the Matter of Carter*, 263 Ga. 483 (436 SE2d 226) (1993); *In the Matter of Frazier*, 258 Ga. 799 (374 SE2d 736) (1989). Respondent is reminded of her duties under Bar Rule 4-219 (c) to timely notify all clients of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of such rule.

*Disbarred. All the Justices concur.*

DECIDED MAY 13, 1996.

*William P. Smith III, General Counsel State Bar, Steven J. Kaczkowski, Assistant General Counsel State Bar,* for State Bar of Georgia.