## S98G0601. TERRY v. STATE FARM FIRE & CASUALTY INSURANCE COMPANY.
### (504 SE2d 194)

HUNSTEIN, Justice.

We granted Kenneth Terry's petition for writ of certiorari from the Court of Appeals opinion in *State Farm Fire &c. Ins. Co. v. Terry,* 230 Ga. App. 12 (495 SE2d 66) (1997) to consider whether the Court of Appeals correctly interpreted and applied the terms of a consent dismissal in this case involving the Uninsured Motorist Act, OCGA § 33-7-11. For the following reasons we affirm that court.

This action arose from a 1993 automobile collision between Terry and Undra Davis while Davis was driving a vehicle rented from and self-insured by McFrugal Auto Rental. Terry filed a personal injury lawsuit against Davis and pursuant to the version of OCGA § 33-7-11 (d) in effect at that time,[1] served State Farm Fire & Casualty Insurance Company, his uninsured motorist carrier (UMC). State Farm filed an answer and cross-claim in its own name and subsequently negotiated a consent dismissal with Terry that allowed Terry to renew a UMC claim against it only if State Farm received proper service and was afforded the opportunity to defend on the issues of liability and damages, even in the event a judgment had already been obtained in the underlying tort action. A $50,000 judgment was rendered against Davis which Terry later found out he could not collect due to the insolvency of McFrugal. Relying on the terms of the consent dismissal, State Farm refused to satisfy the underlying judgment. Terry thus filed a renewal action seeking satisfaction of the amount of the judgment, as well as penalties and attorney fees. On cross-motions for summary judgment, the trial court denied State Farm's motion and granted Terry's motion as to the $50,000, but denied summary judgment on his remaining claims. Concluding that the language of the consent dismissal required that State Farm be provided the opportunity to litigate liability and damages, the Court of Appeals reversed and remanded the case to the trial court for a trial on the issue of liability and damages.

---

[1] OCGA § 33-7-11 (d) was amended effective July 1, 1998 to require a personal injury plaintiff to serve his uninsured motorist carrier "as though the insurance company were actually named as a party defendant" only where "a reasonable belief" exists that the vehicle is an uninsured motor vehicle under OCGA § 33-7-11 (b) (1) (D). Ga. L. 1998, p. 1064, § 3.

1. Although we recently held in *Stout v. Cincinnati Ins. Co.*, 269 Ga. 611, 612 (502 SE2d 226) (1998), that nothing in *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162, 163 (377 SE2d 853) (1989) "requires that the lawsuit that is eventually served on both the defendant and the UMC be the initial lawsuit which was served only on the defendant," *Stout* has no application in this lawsuit because Terry served both State Farm and the tortfeasor at the same time while both claims were within the statute of limitation. The effect of the consent dismissal entered into between Terry and State Farm, which expressly reserves for State Farm the opportunity to defend liability and damages in any subsequent renewal action regardless of any judgment obtained by Terry against the tortfeasor, is at issue here. Therefore, unlike *Stout v. Cincinnati Ins. Co.*, supra, the issue before us is not the propriety of Terry's renewal action, but whether his renewed lawsuit is subject to the terms of the consent dismissal.

Terry contends the consent dismissal is void because it conflicts with the remedial nature of OCGA § 33-7-11 which requires that the statute be given a broad interpretation with any uncertainty resolved in favor of the insured. We disagree that the consent dismissal is rendered void. "Competent parties are free to choose, insert, and agree to whatever provisions they desire in a contract, including insurance contracts, unless prohibited by statute or public policy. [Cit.]" *Simmons v. Select Ins. Co.*, 183 Ga. App. 128, 129 (1) (358 SE2d 288) (1987). Contracts should be given a construction that renders them in compliance with a governing statute rather than in contravention thereof. *Langford v. Royal Indem. Co.*, 208 Ga. App. 128 (3) (b) (430 SE2d 98) (1993). The underlying purpose of uninsured motorist legislation, namely, the protection of innocent victims from the negligence of irresponsible drivers, *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50, 51 (268 SE2d 632) (1980), is not contravened by enforcement of the specific terms of the agreement entered into between Terry and State Farm. The consent dismissal provisions undeniably altered to Terry's detriment the obligation of State Farm to Terry in the context of uninsured motorist insurance coverage. However, the agreement was the result of negotiations between the parties prior to the dismissal of State Farm from the case and State Farm does not seek to go beyond the terms of the consent dismissal to challenge any other rights provided Terry under the UMC statute. Rather, it seeks only to enforce that express provision of the consent dismissal granting State Farm the opportunity to defend the case on its merits.

2. Since we find that the consent dismissal did not contravene the strictures of the uninsured motorist statute, we next look to the agreement's language to determine if remanding the case for a second trial is consistent with the intention of the parties. If the lan-

guage of a contract is clear and unambiguous, the terms of the agreement are controlling and an appellate court should look no further to determine the intention of the parties. *Health Service Centers v. Boddy*, 257 Ga. 378, 380 (359 SE2d 659) (1987). Having examined the one-page consent dismissal, we cannot find any ambiguity in its plain and straightforward terms. Although Terry claims that the parties did not contemplate that the tortfeasor's insurer would become insolvent following a judgment rendered in the case, his claim would require us to look outside the language of the contract in an attempt to find ambiguity in the facts that developed, which we decline to do. "The court will take the contract by its four corners, and determine its meaning from its language, and, having ascertained from the arrangement of its words what its meaning is, will construe it accordingly." *Paces Partnership v. Grant*, 212 Ga. App. 621, 625 (442 SE2d 826) (1994). There is only one conclusion that can be drawn from an examination of the document: that in the event of a renewal action instituted against the UMC, State Farm would have the right to defend on liability and damages, notwithstanding any previous judgment obtained by Terry against the tortfeasor.

We hold that the consent dismissal negotiated between Terry and State Farm was unambiguous and not in conflict with OCGA § 33-7-11 (d). Accordingly, the Court of Appeals was correct in determining that Terry was bound by the terms of the agreement. Hence, there was no error in reversing the case and remanding it to the trial court to allow State Farm the opportunity to defend against liability and damages.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Robert S. Windholz,* for appellant.
*Harper, Waldon & Craig, Russell D. Waldon, Jonathan M. Adelman, Janice M. Wallace,* for appellee.
*David A. Webster,* amicus curiae.