A98A1116. WINTERS et al. v. GOINS.
(509 SE2d 361)

SMITH, Judge.

Merle and Ressie Winters appeal the trial court's order granting Harold Lee Goins's motion to dismiss for failure to timely perfect service. Because we conclude that the trial court failed to determine properly whether appellants used due diligence in serving their complaint, we vacate the trial court's order dismissing the action and remand this case for further proceedings consistent with this opinion.

On August 7, 1995, appellants filed a complaint against Goins for personal injuries sustained by Ressie Winters in an automobile accident that occurred on August 10, 1993. The statute of limitation for filing such an action expired two years after the accident occurred. OCGA § 9-3-33. On August 28, 1996, appellants filed a motion requesting the court to direct service by publication. In support of the motion, they filed the affidavit of their attorney reciting that Goins had moved to North Carolina and that attempts to serve him there had been unsuccessful. The trial court granted this motion on September 5, 1996, and a notice of service by publication was filed one week later, September 12, 1996. Personal service on Goins was finally accomplished nearly six months later, March 3, 1997, in Kanawha County, West Virginia. Before service was perfected, Goins moved to dismiss on the basis of insufficiency of service of process and the running of the statute of limitation. In response, appellants contended that Goins was barred from raising defenses concerning

timeliness of service, based on their assertion that, in exchange for an extension of time in which to answer, insurance company representatives stipulated that no such defense would be raised.

In its order granting Goins's motion, the trial court made two findings, both of which are subjects of this appeal. The court ruled that any purported stipulation made by Goins's insurance carrier was not binding on Goins. The court further ruled that appellants failed to find or serve Goins from September 21, 1995 to April 30, 1996, concluding that its earlier order (of September 5, 1996) was not necessarily a finding of due diligence. Appellants appeal these rulings and contend additionally that they exercised due diligence in serving Goins.

1. We first address appellants' contention that Goins was bound by two purported "stipulations." A few days after the trial court entered its order permitting service by publication, a document was filed, signed only by counsel for appellants, reciting as follows: "Come now Merle and Ressie Winters and stipulate that Harold Lee Goins shall have sixty (60) days to file any answer from this date with the understanding that no defense with regard to timely service of summons and complaint shall be raised on his behalf." Approximately three weeks later, appellants filed an "amended stipulation," again signed only by their counsel, essentially reciting the same language found in the earlier "stipulation," giving Goins sixty days to file an answer "with the understanding that no defense with regard to timely service of summons and complaint shall be raised on his behalf."

Citing a number of cases, appellants correctly argue that parties entering stipulations are bound by those agreements. See, e.g., *Crawford v. Crump*, 223 Ga. App. 119, 122 (2) (476 SE2d 855) (1996); *Macuch v. Pettey*, 170 Ga. App. 467, 468 (317 SE2d 262) (1984). Indeed, "[p]arties to stipulations and agreements entered into in the course of judicial proceedings will not be permitted to take positions inconsistent therewith in the absence of fraud, duress or mistake." (Citation and punctuation omitted.) *McDaniel v. Oliver*, 172 Ga. App. 109, 110 (322 SE2d 1) (1984). But appellants' argument that the documents filed by their counsel constituted binding stipulations fails for several reasons.

First, Goins was not a party to these "stipulations." Neither Goins, nor anyone on his behalf, signed the documents purporting to waive his right to raise certain defenses. We find no merit in appellants' argument that the "stipulations" were executed at the request of Goins's insurers on his behalf. They rely on a letter from one insurance representative to another, which states that defense counsel "filed for a 60 day extension for [the insurers] to answer." This letter, as aptly argued by Goins, appears to be nothing more than "a single

letter by one insurer to the other which simply recognizes the appellants' own actions." It does not reflect any "agreement" by Goins, or even by his insurers, to waive any defenses. Second, the documents are ambiguous as to who "understood" that Goins would not raise timely service as a defense: Goins or appellants. Third, the documents essentially were meaningless; at the time they were unilaterally executed by appellants' counsel, no extension for time to answer was needed because Goins had not been personally served. The trial court did not err in ruling that the purported stipulations were not binding.

2. Appellants argue that the trial court erroneously concluded that its order permitting service by publication was not necessarily a finding of due diligence. This argument has merit.

"Even though service by publication is insufficient to confer in personam jurisdiction over defendant, by granting the order permitting service by publication the trial court, in effect, made a finding of due diligence. Thus, as of the date of the order granting the request for service by publication, the trial court found the plaintiff had been diligent in the attempt to locate defendant." (Citations and punctuation omitted.) *Smith v. Johnson*, 209 Ga. App. 305, 306 (433 SE2d 404) (1993).

The question then becomes whether appellants exercised due diligence between the time the order permitting service by publication was granted and the time Goins was personally served. See generally *Thomas v. Passenger*, 211 Ga. App. 640, 641-642 (440 SE2d 228) (1994). We conclude that because the trial court did not rule on this issue, we are without authority to do so. "[T]his court cannot rule as a matter of law that [appellants were] not diligent in [their] efforts to serve [Goins] because no findings or conclusions were reached on this issue by the trial court. It is for the trial court to look at the facts of the case and ascertain whether [appellants were] guilty of laches. [Cit.]" *Smith*, supra at 306. Accordingly, we remand this case to the trial court to make a determination as to whether appellants were guilty of laches in attempting to locate and serve Goins after September 5, 1996.

*Judgment vacated and remanded with direction. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 16, 1998 —
RECONSIDERATION DENIED DECEMBER 3, 1998.

*Middleton, Mixson, Orr & Adams, Mark A. Tate, John T. Dufour,* for appellants.
*Martin, Snow, Grant & Napier, Cubbedge Snow III, Thomas P.*

*Allen III, Chambless, Higdon & Carson, Thomas F. Richardson,* for appellee.

