## A99A0390. WILSON v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(520 SE2d 917)

ELDRIDGE, Judge.

Diane Wilson sued Sonia Strong, an uninsured motorist, for injuries allegedly sustained in a motor vehicle collision. Wilson timely

served a copy of the complaint on her uninsured motorist carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), but was never able to perfect personal service on Strong, because Strong was avoiding service. Wilson obtained a court order after a showing of diligence and of concealment to avoid service, allowing service by publication. State Farm answered in its own name and moved to set aside the order for service by publication and to dismiss the lawsuit on the grounds that Wilson had not acted diligently in attempting to personally serve Strong. Another trial court judge granted the motions vacating the order of publication and dismissing the case for lack of diligence in personally serving Strong. Wilson appeals.

The collision between Wilson and Strong occurred on December 8, 1994. On December 6, 1996, Wilson filed her complaint. On December 10, 1996, the marshal's office issued its entry of service, notifying Wilson that service had not been perfected on Strong, because she did not live at the Atlanta, Fulton County service address in the complaint. The record shows that Wilson hired a private investigator to locate Strong and that the investigation revealed that Strong resided at 781 Heritage Oaks Drive, Stone Mountain, DeKalb County, where she received her AFDC checks and other correspondence. Deputy Marshall H. King, State Court of DeKalb County, between January 1, 1997 and March 13, 1997, made numerous attempts to serve Strong or have her contact him with no success according to the affidavit of Wilson's lawyer. On March 18, 1997, the private investigator was appointed as a special process server and attempted service unsuccessfully on March 18, March 19, and twice on March 20, 1997. On March 22, 1997, the investigator-process server returned to serve Strong and encountered a uniformed Fulton County Deputy Sheriff, who told him that the deputy was there for an expected visit with Strong's mother and that Strong lived there. They went to the door together, but no one would come to the door, even though the deputy was expected. On May 8, 1997, the investigator-process server gave an affidavit that set out all of his attempts to personally serve Strong and that, in his opinion, she was deliberately concealing herself to avoid service. On May 16, 1997, Wilson moved for an order for service by publication, showing the exercise of diligence to personally serve Strong and that she was hiding to avoid service. On May 16, 1997, the order for publication was granted.

Wilson's sole enumeration of error was that the trial court erred in granting State Farm's motion to set aside the order for publication and dismissing the case. We agree.

The trial court's ruling was contrary to OCGA § 33-7-11 (e), which expressly authorizes service by publication upon known uninsured motorists who leave the state, cannot be served, or hide to

avoid service. The trial court committed plain legal error in setting aside the order for service by publication and dismissing the case as to both the uninsured motorist Strong and the uninsured motorist carrier State Farm, because the trial court applied the wrong legal standard of diligence for service by publication for purposes of obtaining a nominal judgment to satisfy the condition precedent for the uninsured motorist statute and for the insurer to be liable under the statute. OCGA § 33-7-11 (e).

Service by publication is necessary on a known but unlocatable uninsured motorist to satisfy the condition precedent of a nominal judgment under OCGA § 33-7-11 (d) before the uninsured motorist carrier may be liable under the insured's contract and the uninsured motorist statute. *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50, 51-52 (268 SE2d 632) (1980); *Wentworth v. Fireman's &c. Ins. Cos.*, 147 Ga. App. 854, 855 (250 SE2d 543) (1978); *Norman v. Daniels*, 142 Ga. App. 456 (236 SE2d 121) (1977). The nominal judgment is subject to collateral attack by the uninsured motorist at any time, because he or she has never been personally served. *Norman*, supra at 458. However, such nominal judgment is sufficient for the insured to satisfy the judgment from the uninsured motorist provisions of the insurer's liability policy.

OCGA § 33-7-11 (e)

"permitting service by publication does not require a showing that service has been attempted but only that the party to be served 'has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons. . . .' OCGA § 9-11-4 (e) (1) (A). Moreover, by granting the order permitting service by publication the trial court, in effect, made a finding of due diligence. See *Starr v. Wimbush*, 201 Ga. App. 280 (2) (410 SE2d 776) (1991)."

*Douglas v. Woon*, 205 Ga. App. 355, 356 (1) (422 SE2d 61) (1992). Accord *Bailey v. Lawrence*, 235 Ga. App. 73, 76 (2) (508 SE2d 450) (1998); *General Accident Ins. Co. v. Straws*, 220 Ga. App. 496, 497 (1) (472 SE2d 312) (1996); *Kannady v. State Farm &c. Ins. Co.*, 214 Ga. App. 492, 494-495 (4) (448 SE2d 374) (1994).

In this case, for purposes of setting aside the service by publication, the trial court looked to the record of the attempts to diligently serve Strong as soon as possible for personal jurisdiction, which standard applies to the relation back of service made after the running of the statute of limitation and mistakenly relied upon cases under such legal standard; however, Strong was never personally served so there was no service to relate back to the time of filing the action

prior to the statute of limitation attaching and no personal jurisdiction for purposes of an enforceable personal judgment. Therefore, such cases on laches for relation back have no application to this case, because they deal with service for personal jurisdiction and not with obtaining a nominal judgment after service by publication as to the uninsured motorist carrier only. See *Ga. Farm &c. Ins. Co. v. Kilgore*, 265 Ga. 836 (462 SE2d 713) (1995); *Winters v. Goins*, 235 Ga. App. 558, 560 (2) (509 SE2d 361) (1998); *Wade v. Whalen*, 232 Ga. App. 765 (1) (504 SE2d 456) (1998). Since Strong was an uninsured motorist who could not be located with due diligence, then the correct legal standard for due diligence for service by publication under OCGA § 33-7-11 (e) was diligence in determining that Strong was either out of state or avoiding service and not the standard of diligence for relation back of personal service obtained after the statute of limitation has run and the plaintiff seeks to have dilatory service relate back to the time of filing. See *Douglas*, supra at 356. See also *Bailey*, supra at 76-78 (2). Thus, the wrong standard of diligence was used by the trial court.

The record shows substantial, repeated, and prolonged efforts not only to locate Strong but also to serve her as soon as possible; a finding of due diligence under OCGA § 33-7-11 (e) was mandated under the facts of this case. *Wentworth*, supra at 855. Such evidence demonstrated due diligence in determining that Strong was avoiding service within the meaning of OCGA § 33-7-11 (e). The first trial court judge believed that due diligence had been demonstrated and issued the order for service by publication.

> " 'Even though service by publication is insufficient to confer in personam jurisdiction over defendant, by granting the order permitting service by publication the trial court, in effect, made a finding of due diligence. Thus, as of the date of the order granting the request for service by publication, the trial court found the plaintiff had been diligent in the attempt to locate defendant.' (Citations and punctuation omitted.) *Smith v. Johnson*, 209 Ga. App. 305, 306 (433 SE2d 404) (1993)."

*Winters*, supra at 560 (2). The vacating of the order of publication by the second judge, based upon the application of the wrong legal standard of diligence and without evidence to support such action or legal basis, demonstrated arbitrary and capricious conduct in the exercise of his discretion by the trial court. *Norman*, supra at 460-461.

Thus, the wrong legal standard for diligence was used to vacate the order of publication and to grant dismissal. See *Douglas*, supra at 356. When the trial court exercised its discretion under a mistaken

standard of law, this constituted plain legal error. See *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999). If a trial court exercises its sound discretion under a mistaken legal standard, then the court is deprived of discretion by the mistake of law. Therefore, the legally flawed exercise of discretion is the same as refusal to exercise any discretion, which is a manifest abuse of discretion. See generally *Flanagan v. State*, 218 Ga. App. 598, 600-601 (462 SE2d 469) (1995); *Jones v. State*, 208 Ga. App. 472, 473 (431 SE2d 136) (1993); *Cottingham v. State*, 206 Ga. App. 197, 199 (3) (424 SE2d 794) (1992). Under either standard of review, the trial court's setting aside of the order of publication and the dismissal of the case must be reversed.

> It is true that because [Strong] has not been personally served, in personam jurisdiction may not be obtained against [Strong] and therefore no judgment may be recovered from [her] personally or [her insurer, if she had one]. See *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50 (268 SE2d 632) (1980). Nevertheless, a judgment against [Strong] may be recovered from plaintiffs' uninsured motorist insurer because [she] is, in essence, an uninsured motorist. Id. See also *Bell v. Bennett*, 189 Ga. App. 423 (375 SE2d 884) (1988); *Wentworth v. Fireman's Fund &c. Cos.*, [supra]; *Norman v. Daniels*, [supra].

*Douglas*, supra at 356.

*Judgment reversed. Johnson, C. J., Blackburn, P. J., Barnes and Ellington, JJ., concur. Pope, P. J., and Smith, J., dissent.*

POPE, Presiding Judge, dissenting.

I respectfully dissent. From the time of the order for service by publication until the court's dismissal order ten months later, the record shows no effort by Wilson to locate Strong. This case presents the question of whether, in order to retain her right to pursue a claim against her uninsured motorist carrier, a plaintiff must remain diligent in attempting to personally serve the alleged tortfeasor despite service by publication when the defendant is known but cannot be found.

A known motorist is deemed uninsured when he cannot be personally served. *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50, 52 (268 SE2d 632) (1980). Though the motorist cannot be served, the injured party must reduce her claim against the motorist to a judgment in order to establish the amount she is legally entitled to recover from the uninsured motorist carrier. *Boles v. Hamrick*, 194 Ga. App. 595, 596 (391 SE2d 418) (1990). Accord *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456 (1) (224 SE2d 167) (1976). Under these

circumstances, OCGA § 33-7-11 (e) of the uninsured motorist statute allows service by publication upon a showing of due diligence. *Commercial Union*, 246 Ga. at 52.[1] When the trial court granted Wilson's request for service by publication, it necessarily found that Wilson exercised due diligence in seeking publication up to that point in time. See *Winters v. Goins*, 235 Ga. App. 558, 560 (2) (509 SE2d 361) (1998).[2]

Although service by publication on an uninsured motorist is ineffective to establish in personam jurisdiction necessary to support an enforceable judgment against the motorist, *Commercial Union*, 246 Ga. at 50; *Smith v. Johnson*, 209 Ga. App. 305, 306 (1) (433 SE2d 404) (1993),[3] it does satisfy a condition precedent for recovery against the uninsured motorist carrier. *Wentworth v. Fireman's &c. Ins. Cos.*, 147 Ga. App. 854, 855 (I) (250 SE2d 543) (1978). Once service by publication is made, the plaintiff is free to pursue a nominal claim against the defendant in an attempt to obtain a nominal judgment which will establish the uninsured carrier's liability. See *State Farm &c. Ins. Co. v. Noble*, 208 Ga. App. 518, 519, n. 1 (430 SE2d 804) (1993). The uninsured motorist provider can answer in its own name, become a party to the litigation, and contest issues of liability, damages and coverage. OCGA § 33-7-11 (d) and (e). Although effective against the carrier, any judgment obtained in this situation is ineffective against the individual defendant. *Commercial Union*, 246 Ga. at 50.

Here, the trial court, acting through a different judge than the

---

[1] Service by publication on a known motorist who cannot be served was allowed in 1972 by an amendment to the uninsured motorist statute because the condition precedent of obtaining a judgment against the motorist could not be met without personal service. Ga. L. 1972, p. 882, § 1; see *State Farm &c. Ins. Co. v. Noble*, 208 Ga. App. 518, 519 (430 SE2d 804) (1993).

[2] The court's finding was only that Wilson was diligent in seeking service by publication under OCGA § 33-7-11 (e), which does not necessarily require a showing of any attempted personal service. See *Douglas v. Woon*, 205 Ga. App. 355, 356 (1) (422 SE2d 61) (1992). Subsection (e) allows service by publication on any of four independent grounds: that the person (1) "resides out of the state," (2) "has departed from the state," (3) "cannot after due diligence be found within the state," or (4) "conceals himself to avoid the service of summons." OCGA § 33-7-11 (e). The trial court in this case granted the motion for publication on the grounds that "defendant cannot be found within the state, and further that defendant has concealed herself to avoid service." At most, the order for service by publication in this case amounts to a finding that Wilson was diligent in determining that Strong could not be found in Georgia and was concealing herself.

[3] But see *McDade v. McDade*, 263 Ga. 456, 457 (2) (435 SE2d 24) (1993) (service by publication effective when reasonable diligence has been exercised in attempting to ascertain whereabouts of known defendant); *Robinson v. Robinson*, 260 Ga. 731, 732 (399 SE2d 64) (1991) (same); *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983) (same); *Melton v. Johnson*, 242 Ga. 400, 403-404 (249 SE2d 82) (1978) (service by publication effective to support in personam judgment against a Georgia resident where state and federal concepts of due process have not been violated).

one who authorized service by publication, set aside the order allowing publication and dismissed the case. Pretermitting whether the trial court should have set aside the order to publish, Wilson was required to remain diligent attempting to personally serve Strong, despite service by publication under OCGA § 33-7-11 (e). See *Thomas v. Passenger*, 211 Ga. App. 640, 642 (440 SE2d 228) (1993) (plaintiff made no showing as to diligence after service by publication). See also *Starr v. Wimbush*, 201 Ga. App. 280, 282 (2) (410 SE2d 776) (1991) (plaintiff took several additional steps to locate defendant after service by publication).

This is so because, first, although the uninsured motorist statute provides for service by publication, it does not eliminate the plaintiff's obligation to serve the defendant as in all tort actions. See OCGA § 33-7-11. And, as shown above, service by publication under OCGA § 33-7-11 is ineffective against the defendant.

Second, the policy underlying the uninsured motorist statute is supported by requiring continued due diligence attempting to serve the defendant. "Uninsured motorist statutes are remedial in nature and must be broadly construed to accomplish the legislative purpose. [Cits.]" *Commercial Union*, 246 Ga. at 51. "The underlying purpose of uninsured motorist legislation [is] the protection of innocent victims from the negligence of irresponsible drivers. . . ." *Terry v. State Farm &c. Ins. Co.*, 269 Ga. 777, 778 (1) (504 SE2d 194) (1998). But given this protection, the uninsured carrier has certain rights as well.

OCGA § 33-7-11 (f) provides that an insurer paying an uninsured claim is "subrogated to the rights of the insured to whom the claim was paid against the person causing [the injury]. . . ." If a defendant who is known but cannot be served turns up after an insurer has paid a claim, the defendant could still assert the defense of lack of service of process and failure to diligently serve and, if successful, thereby defeat the insurer's subrogation claim. If the insured is not bound to continue to diligently pursue service, the insurer's subrogation claim will be lost. Under the majority opinion, the uninsured carrier presumably now has the burden of attempting to diligently serve the uninsured motorist in order to protect its right to subrogation.

Third, the defendant tortfeasor may show up before entry of a nominal judgment and assert that the plaintiff has failed to diligently attempt to serve him. If true, the defendant will be dismissed from the case. Under these circumstances, the uninsured motorist carrier must be dismissed as well because a judgment, whether real or nominal, must be obtained against the uninsured motorist as a condition precedent to recovery against the uninsured motorist carrier. *Noble*, 208 Ga. App. at 520-521; *Walker v. Ga. Farm &c. Ins. Co.*,

207 Ga. App. 874, 876 (2) (429 SE2d 289) (1993). The plaintiff must remain diligent attempting to serve the defendant in order to prevent the defendant from being dismissed on these grounds.

Fairness is also promoted because if the defendant can eventually be served after diligent pursuit and before entry of a nominal judgment, the defendant becomes a party, the claims against him or her relate back to the time of filing, and it may turn out that the defendant is insured after all. The intent of the General Assembly in providing for service by publication to permit a nominal judgment is not defeated. The service is effective to support a nominal judgment which the plaintiff must proceed to obtain. However, in the meantime, the plaintiff must remain diligent in attempting to serve the defendant.

In this case, because State Farm answered, it became a party, *Hulsey v. Standard Guar. Ins. Co.*, 195 Ga. App. 803, 804 (395 SE2d 282) (1990), and it was therefore allowed to assert any defenses which would be available to the defendant. *Milburn v. Nationwide Ins. Co.*, 228 Ga. App. 398, 399 (1) (491 SE2d 848) (1997). Thus it was authorized to assert that Wilson was not diligent in attempting to personally serve Strong.

Wilson failed to show diligence in attempting to serve Strong after service by publication and failed to show that her initial efforts to locate Strong were sufficient to obviate the need for further effort. Therefore, Wilson has not met her burden of showing lack of fault for her failure to perfect timely service. See *Bailey v. Lawrence*, 235 Ga. App. 73, 77 (2) (508 SE2d 450) (1998). I would uphold the trial court's dismissal on the grounds that Wilson did not show due diligence in attempting to serve Strong. See *Sykes v. Springer*, 220 Ga. App. 388, 389-390 (1) (469 SE2d 472) (1996).

I am authorized to state that Judge Smith joins in this dissent.

DECIDED JULY 16, 1999.

*Franklin & Hubbard, Curtis L. Hubbard, Jr.*, for appellant.
*Sharon W. Ware & Associates, Sharon W. Ware, Joanne B. Brown*, for appellee.